## CIRCUIT COURT OF FAIRFAX COUNTY

Montgomery

v.

School Board of Fairfax County

November 7, 1989

Case No. (Chancery) 112230

By JUDGE ROSEMARIE ANNUNZIATA

The Petition before the Court, as amended on the day of hearing, seeks judicial review of actions taken by the Fairfax County School Board ("School Board") regarding its proposed Family Life Education Program. The Petitioners, proceeding under Va. Code § 22.1-87 (1985 Repl. Vol.), ask the Court to:

(1) Overturn the vote of the School Board cast at a public meeting held on June 22, 1989, approving the teaching objectives recommended by the School Superintendent's staff to continue study of the Family Life Education Program;

(2) Require the School Board to demonstrate a need for an expanded and comprehensive Family Life Education Program to the satisfaction of the Court and the community;

(3) Issue an order requiring the Fairfax County School Board to implement a study of established, viable programs that have been implemented previously and shown to have reduced teen pregnancy, reduce sexual activity, increase self esteem, and provide a traditional family-centered program stressing sex in the context of marriage.

(4) Issue a Writ of Mandamus directing the School Board to comply with § 22.1-208 of the Code of Virginia, emphasizing "moral education" in all FLE-related instruction, and to comply with Virginia State Board of Education Regulation 4, B.13 by "includ[ing] education about those sections of statutory law applicable to instructional units relating to sexual conduct and misconduct."

The School Board filed a motion for entry of Summary Judgment in its favor, contending that none of the prerequisites for relief demanded by Va. Code § 22.1-87 is present and that, furthermore, the Petitioners lack standing to seek the relief requested.

For the reasons stated below, the School Board's Motion for Summary Judgment is granted. Since the request for a Writ of Mandamus is not properly before the Court, see Va. Code § 8.01-644 et seq., it has not been considered by the Court.

First, it is my judgment that Petitioners have standing to complain of the School Board's action. The School Board contends the Petitioners are not "aggrieved" by the School Board's actions since their children will not be affected by the implementation of the challenged program unless Petitioners themselves opt their children or wards into the pilot family life programs in the 1989-1990 school year. "The word 'aggrieved' in a statute contemplates a substantial grievance and means a denial of some personal or property right, legal or equitable, or imposition of a burden or obligation upon the petitioner different from that suffered by the public generally." Va. Beach Beautification Comm. v. Board of Zoning, 231 Va. 415, 419-420, 344 S.E.2d 899 (1986), citing Insurance Ass'n. v. Commonwealth, 201 Va. 249, 253, 110 S.E.2d 223, 226 (1959). From the perspective of the Petitioners, they are aggrieved because the School Board's failure to provide a Family Life Education Program in which Petitioner's children can participate without reservation about whether it undermines their religious beliefs burdens Petitioners in a

way that is different than the general public. This burden is sufficient to make Petitioners an aggrieved party.

In reaching the merits of the case, it is important to first put the role of the Court in perspective. The basis of the Court's jurisdiction and power to act, Section 22.1-87 of the Virginia Code, provides for a review of the School Board's action; it does not permit a determination of what substantively constitutes an appropriate educational program addressing family life. For the Court to exercise the latter function would be to unlawfully "substitute its judgment for that of the public body." *School Board v. McConnell*, 215 Va. 603, 607, 212 S.E.2d 264, 267-268 (1975).

The review permitted by law is instead one in which the Court determines whether the School Board "exceeded its authority, acted arbitrarily or capriciously, or abused its discretion." Va. Code Ann. § 22.1-87 (1985). In a procedure so circumscribed, the question is not whether, in the Court's judgment, a conclusion contrary to that of the School Board should have been reached. Rather, it is whether the conclusion reached is based on fact, law, and reason. *Flory v. Smith*, 145 Va. 164, 168, 134 S.E. 360, 362 (1926); *School Board v. McConnell*, 215 Va. at 607, 212 S.E.2d at 267-68.

To grant a motion for summary judgment, there must first be a determination that there are no material facts genuinely in dispute. Va. Sup. Ct. Rule 2:21 (1989); *Shevel's Inc. -- Chesterfield v. Southeastern Associates, Inc.*, 228 Va. 175, 181, 320 S.E.2d 339, 342 (1984). I specifically find the following facts to be established and that no material facts are in dispute.

Section 22.1-207 of the Code of Virginia was adopted by the Virginia General Assembly in the 1987 Session in response to the recommendations of the Joint Subcommittee studying teenage pregnancy prevention. It provides that the State Board of Education ("State Board") shall develop by December 1, 1987, Standards of Learning and Curriculum Guidelines for a comprehensive, sequential family life education curriculum in grades Kindergarten through Twelve. Pursuant to this statutory directive, the State Board adopted required "standards of learning and curriculum guidelines."

The adopted guidelines provide in part that the locally developed Family Life Education program shall be "comprehensive and sequential" for grades Kindergarten through Twelve and that it shall include the following content areas:

1. Family living and community relationships;
2. The value of postponing sexual activity until marriage;
3. Human sexuality;
4. Human reproduction and contraception;
5. The etiology, prevention, and effects of sexually transmitted diseases;
6. Development of positive self concepts and respect for others, including people of other races, religions, or origins;
7. Parenting skills;
8. Substance abuse; and
9. Child abuse.

The guidelines were adopted by the State Board after extensive public hearings and were then submitted to the General Assembly on November 30, 1987. The General Assembly funded the program in its 1988 Session. *See*, Ch. 800, 1988 Va. Acts 1280, 1345, Item B4(5).

In August of 1988, the State Board adopted § 7.21 of its regulations, which provides: "Each school *shall* implement the standards of learning for the family life education program promulgated by the Board of Education or a family life education program consistent with the guidelines developed by the Board of Education in December, 1987" (emphasis added). 4 Va. Regs. Reg. § 7.21 at 2831 (August 29, 1988).

In June, 1988, the Fairfax County School Board decided to develop local Family Life Education ("FLE") objectives, rather than adopt the State objectives. Accordingly, on June 9, 1988, the School Board approved the creation of a Family Life Education Advisory Committee ("FLEAC") to develop recommendations for a proposed curriculum. The FLEAC, created on July 28, 1988, consisted of forty-five members with diverse backgrounds drawn from a wide cross-section of the community.

After nearly ten months of meetings, the FLEAC made its recommendations in a report to the Fairfax County School Board Superintendent of Schools. Both a majority report supported by thirty-five members of the committee,

and a minority report endorsed by eight members, were submitted to the Superintendent.

The Superintendent solicited public comment on the FLEAC recommendations after distributing over 10,500 copies of the majority and minority reports. Public hearings were held on June 12-15, 1989, after which the Superintendent made some changes to the majority report and recommended its adoption by the School Board. Petitioners' comments and position were among those considered during the process.

At a public meeting on June 22, 1989, the School Board considered, debated, and modified the Family Life Education curriculum proposals recommended by the Superintendent. At this meeting, the School Board did not approve the adoption and implementation of a system-wide family life education curriculum for school year 1989-1990. It adopted, instead, the Superintendent's recommended "Next Steps," which called for studying the guidelines to be adopted for the development of the new curriculum and for instituting two pilot programs.

For school year 1989-1990, the Family Life Education curriculum will be in place in four pilot schools in grades 5-8 and 10. In order for children to enroll in these programs, their parents must opt their children into them. The purpose of the pilot programs is to give the School Board and the community an opportunity to investigate their efficacy prior to adopting a system-wide program to be implemented in all schools.

In order to protect parents' rights and to address the concerns of those parents who do not wish their children to be taught the family life curriculum when it is adopted system-wide, the State mandated that parents be provided an opportunity to review all curricula and materials and be allowed to exclude their children from all or part of the FLE program. These provisions are included in the program recommendations adopted by the School Board. Parents will receive notices of meetings for preview of audiovisual materials and discussion of sex education and AIDS programs. In addition, procedures have been provided for "opting out" of all or part of the instruction. Those students who "opt out" will be provided with alternative instructional materials or opportunities for independent study in the same general subject areas, *e.g.*, health or science.

Education in Family Life is not new to the Fairfax County Schools. Each of the state-mandated topics is addressed in current programs, although not always in a "sequential and comprehensive" manner. Sex education programs (called Human Growth and Development in grades 5 to 8 and Human Life in grade 10) have been conducted for many years with parental permission and with high participation. In 1987, AIDS education programs were approved for grades 7 to 12, and teachers in grades 5 to 6 were trained to answer students' questions about AIDS.

Whether the School Board exceeded its authority, acted arbitrarily or capriciously, or abused its discretion, must be determined in light of these facts. First, it is evident that the School Board's actions are consistent with law and within the scope of the authority granted to it by statute and related regulations. The Virginia General Assembly adopted Va. Code § 22.1-207.1 in 1987, requiring the State Board to "develop by December 1, 1987, standards of learning and curriculum guidelines for a comprehensive, sequential family life education curriculum in grades K through 12." § 22.1-207.1 (1989 Cum. Supp.). The State Board is also authorized by the General Assembly to establish standards of accreditation, Va. Code Ann. Section 22.1-19 (1985), with which all school boards are required by State law to comply. Va. Code Ann. Section 22.1-253.13:3 (1989 Cum. Supp.). The Family Life Education program, as mandated by the State Board, must be adopted by the local schools to meet accreditation standards. See, 4 Va. Regs. Reg. § 7.21 at 2831 (Aug. 29, 1988); Attorney General Opinion, July 31, 1989, to the Honorable George Allen.

The School Board's action is also consistent with Section 22.1-200. Petitioners contend this code section limits the subjects to be taught in the elementary grades to those referenced in that statute (which fails to mention family life education). However, there are no words of limitation in the statute, and it is properly construed as establishing a floor rather than a ceiling on the curriculum of studies to be implemented in the State of Virginia. Furthermore, Petitioners' contention that the State Board's requirement that the Family Life Program include instruction on contraception is beyond the legislative

grant of authority, is not supported by the legislative history of the statute. *See*, Attorney General Opinion July 31, 1989, to Delegate George F. Allen of the Virginia House of Delegates. Finally, Petitioners' argument that the School Board's proposed program fails to stress "moral education" in its FLE program as required by § 22.1-208 and that it fails to teach what the law is regarding certain sexual conduct and misconduct is not supported by the record. The philosophy statement and the teaching objectives adopted on June 22 for the proposed program reflects an emphasis on "family, religious, and community moral values, *e.g.*, abstinence from sexual intercourse until marriage; fidelity within marriage; respect for self and others, responsibility, integrity; equality; tolerance; and honesty." FLEAC Proposed Objectives and Descriptive Statements for Family Life education at ix. The evidence also shows that the School Board's program will include instruction on Virginia's criminal laws affecting sexuality. *Id.* at 61.

Petitioners raise a number of other bases in support of the argument that the School Board's actions are illegal, including contentions that the FLE program violates their First Amendment right to freely express their religious beliefs, violates their children's right to privacy, and violates their right to raise their children as they believe proper, without exposure to programs which they contend will undermine parental authority.

The Court notes these parents' concerns but finds that these contentions are likewise without legal merit. As earlier pointed out, students are not compelled to attend any part of the program and may opt-out of the program in its entirety. Furthermore, no student can participate in the pilot program except by "opting into" the program. In the absence of coercion to attend the program, Petitioners' right to privacy and to freely express their religious beliefs are not violated, nor is their parental authority undermined. *See. e.g., Citizens for Parental Right v. San Mateo County Board of Education*, 51 Cal. App. 3d 1, 124 Cal. Rptr. 68 (1975), *reh'g. denied*, 425 U.S. 1000; 82 A.L.R. 3d 544 (1975).

In addition to finding the School Board's action to be consistent with law, I find the School Board's actions are based on fact and are consistent with reason.

The School Board's action was characterized by careful consideration of all the facts it had available to it, including the results of broad-based studies undertaken by the FLEAC for many months, the recommendations of the Superintendent, and the debate engendered by the School Board members themselves. *See*, Minutes, Respondents' Exhibit 4 at pp. 7-19.

Furthermore, the School Board has deferred implementation of system-wide Family Life Education pending receipt of data from the two pilot programs, established to test how the teaching objectives work in practice. A review of the data, together with further review and comment by the community on the proposed program, will be considered by the Board before adoption of the system-wide program. Where it cannot be said there is no basis in fact for the action, the action cannot be found to be unreasonable or arbitrary.

Finally, there is no evidence the School Board abused its discretion. It did not act contrary to law, and the basis for the exercise of its discretion was factual, not fanciful. The existence of conflicting opinions as to the proper substance and form of the FLE Program does not compel the conclusion that the Board's decision rested on insufficient facts or that it is in violation of law.

This decision, as noted earlier, is governed by the provisions of § 22.1-87 of the Code of Virginia. Under this statute which provides for judicial review of the School Board's action, "unless the School Board exceeded its authority, acted arbitrarily or capriciously, or abused its discretion," the action of the School Board shall be sustained. Va. Code Ann. § 22.1-87 (1985). Having found none of the prerequisites for relief to be established, the School Board's action is sustained and its motion for summary judgment is granted.