# CIRCUIT COURT OF THE CITY OF RICHMOND

Sandra Carney,
parent of Micah Carney

v.

City of Richmond

November 13, 2006

Case No. CL06-5134

BY JUDGE MELVIN R. HUGHES, JR.

In a Petition to Review the Action of the School Board of the City of Richmond, the mother of a student enrolled in a Richmond public school seeks a review of a decision of the Disciplinary Board of the School Board. The Board transferred the student from John Marshall High School to Thomas Jefferson High School. Following argument by counsel at a hearing before the court on October 12, 2006, the court took the case under advisement to complete reading the transcript of the hearing appealed from.

The background involves a physical altercation between a number of students, including Micah Carney, the student in question, in a school hallway on June 13, 2006. Carney claims the School Board exceeded its authority in the reassignment because his actions were in self-defense. Thus, he argues, he cannot be blameworthy and his reassignment is discipline without cause, especially given a good academic record up to his present senior year. He seeks a court order remanding the matter to the School Board or, in the alternative, an order reversing the reassignment.

As the School Board points out, the standard of the court's review is whether the decision of the school board is arbitrary and capricious. It

correctly states that courts give deference to the school board's decisions and interpretations of its own regulations.

School boards in Virginia are authorized to make pupil assignments. See Va. Code § 22.1-79(4). So, the authority is there. The question then becomes whether that authority was used here in a way contrary to law, i.e., arbitrary and capricious. The court concludes that it was not.

Petitioner contends that, since he acted in self defense, the reassignment was arbitrary, capricious, and an abuse of discretion. The court's power to review School Board decisions under Va. Code § 22.1-87 is limited to whether the decision is based in fact, law, and reason. See *Montgomery v. School Board*, 18 Va. Cir. 248 (Fairfax 1989). Here, this decision can be considered as a Board action to regulate the student's assertion that his actions were in self-defense. Based on the eyewitness account of the altercation, the self-defense claim is debatable. The Board listened to the witnesses' accounts and was able to assess their credibility. Whether there was a self-defense or not, the question of whether the Board's action was properly on review by a court under the aforementioned standard remains.

On review by the court, the Board's decision can be seen as accounting for the student's self-defense claim, his good academic record, a prior altercation incident involving the student, and the other transfers and discipline meted out to others involved to fashion a remedy that comports with meeting the overarching goal of providing a wholesome academic environment. Although the court does not discredit the student and his parent for seeking a review of the reassignment, as within their right, the court cannot conclude that the action taken was either unlawful or improper. There is an evidentiary basis in the record for the Board's decision under the authority granted to it.

Accordingly, for the foregoing reasons, the court will deny the relief requested by the parent and student.