## Virginia Beach Beautification Commission

### v.

## Board of Zoning Appeals of the City of Virginia Beach, et al.

Record No. 850570

June 13, 1986

Present: All the Justices

*Richard M. Swope (Williams, Worrell, Kelly & Greer, P.C.,* on brief), for appellant.

*Charles M. Sallé; R. J. Nutter, II (Grover C. Wright, Jr.,* on briefs), for appellees.

COMPTON, J., delivered the opinion of the Court.

In this land use controversy, we decide whether this Court has jurisdiction of the appeal and whether the petitioner had standing in the trial court as an aggrieved party.

In February 1985, appellee Board of Zoning Appeals of the City of Virginia Beach (Board) granted appellee Bonney Road Hotel Associates (Hotel) a height and setback variance to permit construction of a freestanding sign advertising a hotel situated near the Virginia Beach-Norfolk Expressway. In March 1985, appellant Virginia Beach Beautification Commission (Commission) filed in the court below a petition for a writ of certiorari, pursuant to Code § 15.1-497, seeking reversal of the Board's decision. Following a hearing, the trial court ruled that the Commission lacked standing in the circuit court proceeding. We awarded the Commission an appeal from the May 1985 order dismissing the petition for certiorari.

The issue of appellate jurisdiction is raised by a motion to dismiss filed by the Hotel. It contends the Commission has appealed to the wrong court and that the appeal properly lies in the Court of Appeals of Virginia. The Hotel notes that the Court of Appeals has exclusive jurisdiction over cases from circuit courts deciding appeals from administrative agencies. According to the Hotel, the Board is an administrative agency. The Hotel says this matter reached the Board initially as an appeal from a decision of a zoning administrator, *see* Code §§ 15.1-495(a) and 15.1-496.1, and that we have held that an appeal to a zoning board is the exhaustion of an administrative remedy. *See Gayton Triangle Land Co. v. Henrico County,* 216 Va. 764, 222 S.E.2d 570 (1976). Therefore, it concludes, the petition for certiorari filed in the trial court

was an appeal from a decision of an administrative agency. We disagree.

■ As pertinent here, the statute delineating the Court of Appeals' jurisdiction provides that "[a]ny aggrieved party may appeal to the Court of Appeals from . . . [a]ny final decision of a circuit court on appeal from a decision of an administrative agency." Code § 17-116.05(1). Significantly, the statute focuses on the nature of the entity making the decision rather than the substance of the decision itself. That is, the statute deals with a decision made by an administrative agency and not with an administrative decision made by some entity that is not purely an administrative agency. The crucial issue, therefore, is whether a board of zoning appeals is an "administrative agency," within the meaning of the statutory provision.

The statutes dealing with the Court of Appeals do not define "administrative agency." However, the General Assembly has established a definition of "agency" applicable to the general field of administrative decisions. In the Administrative Process Act, Code §§ 9-6.14:1 to -6.14:25, "agency" means "any . . . board . . . of the state government empowered by the basic laws to make regulations or decide cases." § 9-6.14:4(A). Entities exempted by the General Assembly from the provisions of the Administrative Process Act include municipal corporations and counties. § 9-6.14:4.1(A)(6). A board of zoning appeals is not a board of the state government. Rather, such an entity is established by either a municipal corporation or a county under Code § 15.1-494. Consequently, guided by the manner in which the word "agency" has been employed in administrative law enactments, we believe the General Assembly did not intend that boards of zoning appeals be included within the meaning of "administrative agency" as used in § 17-116.05(1).

■ This means that the Court of Appeals does not have jurisdiction of final decisions of circuit courts on appeal from decisions of boards of zoning appeals. Appellate jurisdiction of such cases lies in this Court under Code § 8.01-670(A)(3). This holding assumes, but does not decide, that a petition for certiorari under § 15.1-497 is an "appeal" from a decision of a board of zoning appeals, within the meaning of § 17-116.05(1). *See Allstar Towing, Inc.* v. *City of Alexandria*, 231 Va. 421, 344 S.E.2d 903 (1986) (proceeding that attacked municipality's procurement de-

cision was not an "appeal" but an independent action at law) decided today.

Our jurisdictional conclusion is buttressed by a practical consideration. Boards of zoning appeals as well as the governing bodies of municipalities and counties decide questions of land use. Without question, this Court has jurisdiction of appeals from final judgments of circuit courts which review decisions of such governing bodies on land use questions. Code § 8.01-670(A)(3). Certainly, the General Assembly did not intend that jurisdiction of appeals stemming from land use decisions of boards of zoning appeals would be in the Court of Appeals while jurisdiction of appeals on the same subject from decisions of governing bodies would be in this Court. We will not attribute to the General Assembly an intention to create such an illogical and inconsistent jurisdictional arrangement.

Upon the issue of standing, the record shows that the Virginia Beach Beautification Commission is a nonstock Virginia corporation with a membership of over 400 persons and organizations. Its stated goal is "to help make and keep Virginia Beach one of the most beautiful cities in the state." One of its corporate purposes is "to take all . . . reasonable action as may be appropriate to eradicate or screen from view ugly and unsightly objects and areas." The Commission owns no real property and pays no taxes in the City. An individual or organization from Virginia Beach may qualify for Commission membership upon invitation of the board of directors and payment of nominal annual dues.

At the Board hearing on the Hotel's request for the variance, a Commission representative appeared in opposition to the request. Following the adverse decision, the Commission authorized counsel to file the present petition for a writ of certiorari.

Code § 15.1-497 provides that any "person" who is "aggrieved" by any decision of a board of zoning appeals, "or any taxpayer," may present to the appropriate circuit court a petition for certiorari to review the decision. Within the same chapter of the Code, § 15.1-430(f) provides that: " '*Person*' means individual, firm, corporation or association."

The question then becomes whether the Commission is a "person" that is "aggrieved," under the circumstances of this case, making it a proper party to proceed by certiorari in the circuit court.

The Commission argues that it is a "corporation" and "association," and thus is included within the definition of "person." It notes that subsection (f) above was added to the Code in 1962 (Acts 1962, ch. 407 at 643) following the decision in *Citizens Association* v. *Schumann*, 201 Va. 36, 42, 109 S.E.2d 139, 143 (1959). In that case, the Court mentioned but did not decide a similar question of standing. The Commission argues that the General Assembly decided to "clear the air" after reference was made in the case to the problem of standing and to permit associations which owned no real estate to become proper parties in proceedings of this kind.

In addition, the Commission, anticipating the argument that ownership of real estate is a prerequisite to aggrieved-party status, contends that § 15.1-497 makes a clear distinction between any person "or" taxpayer. It asserts that if the legislature intended "to limit an aggrieved party to the owner of real estate, the legislature could easily have provided for that when adding § 15.1-430(f) by making the definition of 'person' to include a taxpayer status or by amending § 15.1-497 to read in the conjunctive 'person *and* taxpayer' or 'landowner *and* taxpayer.' " The Commission says, "This was not done by the legislature and the message is clear." We perceive a different message.

We will agree with the Commission that it qualifies as a "person" under the statutes in question. But we do not agree that the Commission is a person "aggrieved" under § 15.1-497.

■ The term "aggrieved" has a settled meaning in Virginia when it becomes necessary to determine who is a proper party to seek court relief from an adverse decision. In order for a petitioner to be "aggrieved," it must affirmatively appear that such person had some direct interest in the subject matter of the proceeding that he seeks to attack. *Nicholas* v. *Lawrence*, 161 Va. 589, 592, 171 S.E. 673, 674 (1933). The petitioner "must show that he has an immediate, pecuniary and substantial interest in the litigation, and not a remote or indirect interest." *Id.* at 593, 171 S.E. at 674. Thus, it is not sufficient that the sole interest of the petitioner is to advance some perceived public right or to redress some anticipated public injury when the only wrong he has suffered is in common with other persons similarly situated. The word "aggrieved" in a statute contemplates a substantial grievance and means a denial of some personal or property right, legal or equitable, or imposition of a burden or obligation upon the petitioner

different from that suffered by the public generally. *Insurance Ass'n* v. *Commonwealth*, 201 Va. 249, 253, 110 S.E.2d 223, 226 (1959).

In the present case, the Commission, for example, neither owns nor occupies real property within or in close proximity to the property that is the subject of the variance application. Indeed, the Commission owns no property at all. And it has not otherwise demonstrated a direct, immediate, pecuniary, and substantial interest in the decision to grant the variance to the height and setback requirements applicable to freestanding signs in the City. The organization is merely a nonstock corporation with no specific property interests to be damaged. *See Sierra Club* v. *Morton*, 405 U.S. 727, 739-40 (1972).

Accordingly, we hold that the trial court correctly decided that the Commission is not a party "aggrieved" within the meaning of Code § 15.1-497. Thus, the Hotel's motion to dismiss will be denied and the judgment below in favor of the Board and the Hotel will be

*Affirmed.*