60

## CIRCUIT COURT OF ARLINGTON COUNTY

Foti

v.

Board of Trustees
of the Arlington County
Employees Supplemental
Retirement System

Case No. (Law) 88-1103

By JUDGE THOMAS R. MONROE

January 10, 1989

This matter comes before the court on Plaintiff's Motion to move for entry of an order overruling the Defendant's demurrers and pleas in bar. As instructed by the court, the parties have submitted memoranda on whether declaratory relief is the proper remedy for Plaintiff. I have carefully considered the memoranda and overrule the motion.

On May 17, 1983, while in the course of his duties as an employee of Arlington County, the Plaintiff injured his back. Based on this injury, Plaintiff made application to the Board of Trustees of the Arlington County Employees Supplemental Retirement System for service-connected disability retirement. The application was denied on September 12, 1985. Plaintiff asserts in his Amended Motion for Judgment that this denial was a breach of the conditions and requirements of the System and was arbitrary and capricious and contrary to law. He requests damages in the amount of $1,547.78 per month, plus any applicable increases

in payments to retired members of the System from March 8, 1985, until judgment, plus his costs and attorney fees.

In Count II, Plaintiff requests declaratory judgment against the Retirement System. Plaintiff states that an actual controversy exists in this case, since the Trustees of the System and Plaintiff do not agree on the retirement classification, he falls within the terms of the Arlington County Code. Plaintiff requests a determination of his rights under the Arlington County Code to establish whether he should be placed in the classification of service-connected disability retirement.

Virginia Code § 8.01-184 provides that:

> In cases of actual controversy, circuit courts within the scope of their respective jurisdictions shall have power to make binding adjudications of right, whether or not consequential relief is, or at the time could be, claimed, and no action or proceeding shall be open to objection on the ground that a judgment order or decree merely declaratory of right is prayed for. Controversies involving the interpretation of deeds, wills and other instruments of writing, statutes, municipal ordinances and other governmental regulations may be so determined, and this enumeration does not exclude other instances of actual antagonistic assertion and denial of right.

Declaratory judgment is within the discretion of the court. Virginia case law demonstrates the reluctance of courts to rely on declaratory judgments when there is an alternative remedy at law. "Declaratory judgments are intended to supplement rather than supersede ordinary causes of action . . . . In common cases where a right has matured or a wrong has been suffered, customary processes of the court, where they are ample and adequate, should be adopted." *Liberty Mutual Insurance Co. v. Bishop*, 211 Va. 414, 419 (1970).

Plaintiff's Amended Motion for Judgment includes in Count I an allegation that defendant breached the contract. Plaintiff is requesting monetary damages as the appropriate relief. The statutory remedy provided

by § 8.01-184 should not preempt the common law remedy which is available to Plaintiff. Whereas there is an alternative remedy at law, declaratory judgment is inappropriate in this case.

Declaratory judgment is also inappropriate to determine the future status of Plaintiff's classification.

The Declaratory Judgment Act has a preventive purpose. Virginia Code § 8.01-191 provides that:

> This article is declared to be remedial. Its purpose is to afford relief from the uncertainty and insecurity attendant upon controversies over legal rights, without requiring one of the parties interested so to invade the rights asserted by the other as to entitle him to maintain an ordinary action therefor. It is to be literally interpreted and administered with a view to making the courts more serviceable to the people.

In addition, the Supreme Court of Virginia in *Cupp v. The Board of Supervisors of Fairfax County*, 227 Va. 580 (1984), provides an interpretation of the declaratory judgment statute:

> The intent of the declaratory judgment statutes is not to give parties greater rights than those which they previously possessed but to permit the declaration of those rights before they mature. In other words, the intent of the act is to have courts render declaratory judgments which may guide parties in their future conduct in relation to each other thereby relieving them from the risk of taking undirected action incident to their rights, which action, without direction, would jeopardize their interest. This is with a view rather to avoid litigation than in aid of it.

The determination as to whether Plaintiff met the requirements for service-connected disability retirement was decided by the Board in 1985. The stated purposes of the statute would not be served by applying declaratory

relief. The parties are indeed certain and secure in their rights as reflected by Plaintiff's breach of contract allegation. The parties require no further guidance as to their future conduct in relation to each other.

Declaratory judgment is not necessary to determine the future rights of the Plaintiff's classification, such future rights may properly be determined in the breach of contract claim set forth in Count I of Plaintiff's Motion for Judgment.

## October 30, 1989

This matter comes before this Court on Plaintiff's Second Amended Motion for Judgment, and Defendant's Answer and Grounds of Defense. The Court heard the testimony of witnesses and has given careful consideration to the able arguments of counsel and to the memoranda submitted by the respective parties. The following issues are before the Court:

1. The appropriate standard of review of a decision of the Retirement Board to deny disability retirement benefits; and

2. Whether or not in light of the applicable standard of review Plaintiff was improperly denied disability retirement benefits.

The Plaintiff, a former Planner I in Community Affairs, applied on February 13, 1985, for service-connected disability retirement benefits. Plaintiff injured his back on May 17, 1983, on the job and "[a]s a direct and proximate result of the aforementioned injury, he developed a psychological injury of a disabling and severe depression." (*See* Plaintiff's Second Amended Motion for Judgment, para. 5). Plaintiff was awarded total disability workers' compensation benefits by the Industrial Commission. Plaintiff continues to receive such benefits.

Plaintiff's application for benefits pursuant to Section 21-45 of the Arlington County Code was denied by the Board of Trustees in a four-to-three vote. Following careful consideration of the oral and written testimony of members of the Medical Examining Board for the System, and upon legal opinion submitted by independent counsel, Donald O. Manning, the Board determined that Plaintiff

was not entitled to disability benefits pursuant to the Statute.

Plaintiff asserts that the Board's action in denying disability benefits was arbitrary and capricious based on a plain reading of the ordinance and retirement board precedents. Plaintiff asks this Court "to enter judgment in his favor against the Defendant, Board of Trustees of the Arlington County Employees' Supplemental Retirement System, in the amount of $1,547.78 per month, plus applicable increases in payments to retired members of the system generally beginning from March 8, 1985, and continuing for his lifetime and continued disability, plus his costs and attorney fees expended."

Plaintiff's cause of action is brought as a breach of contract claim. Plaintiff has failed to set forth the necessary requirements to prove such a cause of action. To the extent that plaintiff seeks a review of the Board's denial of an award of disability retirement benefits, this Court's review is limited to a determination of whether or not the Board's decision is reasonable and supported by a preponderance of the evidence. Unlike a decision on pensions by the Industrial Commission, an agency created by the State, the Arlington Board Retirement System is not an agency under the Administrative Process Act.

> In the Administrative Process Act Code §§ 9-6.14:1 to 6.14:25 "Agency" means "any . . . board . . . of the state government empowered by the basic laws to make regulations or decide cases." Section 9-6.14:4.1(A)(5). Entities exempted by the General Assembly from the provisions of the Administrative Process Act include municipal corporations and counties.

*Virginia Beach Beautification Commission v. Board of Zoning*, 231 Va. 415, 417 (1986). The Retirement Board is not a board of the state government. The Retirement Board rather is established by the county pursuant to Sections 51-112 of the Code of Virginia, 1950, as amended, and § 15.1-687.

A review of the record clearly demonstrates that the Board carefully considered all of the evidence presented by the respective parties and in a narrow vote, four-to-

three, determined that in light of the case law and the evidence presented, that Plaintiff did not qualify for disability retirement benefits.

> When the decision of the authorities is based upon a fair and honest exercise of their discretion, it will not be interfered with by the Court, even if erroneous. Courts do not in such cases substitute their judgment for the judgment of the body to which the decision is confided.

*Taylor v. County Board*, 189 Va. 472, 483 (1949). Due weight must be given by the trial court to the administrative proceedings. *School Board of Campbell County v. Beasley*, 238 Va. 44, 51 (1989), (*citing, Board of Education v. Rowley,*, 458 U.S. 175, 206 (1982)). Plaintiff has failed to prove by a preponderance of the evidence that the Trustee acted in bad faith, or in an arbitrary or capricious manner or in abuse of its discretion in arriving at its four-to-three decision. On the basis of the foregoing, judgment should be entered for the Defendant.