## CIRCUIT COURT OF FAIRFAX COUNTY

John F. Herrity et al.

v.

State Water Control Board

October 25, 1990

Case No. (Law) 92670

By JUDGE THOMAS S. KENNY

This case is before the court pursuant to the demurrer of the appellee State Water Control Board ("Board") to the petition for appeal by petitioners, John F. Herrity, Gwen F. Cody, William A. Finerfrock, and Michael W. Thompson. The petition for appeal is styled as a Motion for Declaratory Judgment and also requests the court to issue a writ of mandamus to compel a hearing on the issuance of certain waste discharge permits. Specifically, the petition alleges that on or about June 27, 1989, the Board unlawfully or erroneously approved reissuance to the Lorton Correctional Facility a Virginia Pollutant Discharge Elimination System (VPDES) Permit Number VA0030613 and issuance to Lorton of a Consent Special Order. Both the permit and order govern the discharge of treated sewage from Lorton.

Initially, petitioners in this case seek a writ of mandamus, pursuant to § 62.1-44.25, directing the Board to hold a public hearing on the reissuance of a discharge permit to Lorton. The applicable statute provides:

Any owner under §§ 62.1-44.16, 62.1-44.17, and 62.1-44.19 aggrieved by any action of the Board may demand in writing a formal hearing of such owner's grievance, provided a petition requesting such hearing is filed with the Board.

Despite petitioners' assertions to the contrary, the plain language of the statute requires that one or all of the named petitioners be an owner of an industrial establishment that is a potential or actual discharger of industrial waste (§ 62.1-44.16), or an owner who handles, stores, distributes, or produces other wastes (Section 62.1-44.17), or an owner of a sewage system or sewage treatment works (§ 62.1-44.19). These are the only individuals entitled to petition for a hearing under § 62.1-44.25, despite the more general definition of owner found in Section 62.1-44.3(5). There is a notable absence of any allegation which would bear out petitioners falling into one of these classes of owners. Accordingly, the petition for mandamus is denied.

Standing to appeal the order of the Board is governed by the Administrative Process Act, Va. Code § 9-6.14:1 *et seq.*, specifically § 9-6.14:16, which reads in pertinent part:

Any . . . party aggrieved by and claiming unlawfulness of a case decision . . . shall have a right to the direct review thereof by an appropriate and timely court action against the agency as such or its officers or agents in the manner provided by the Rules of the Supreme Court of Virginia.

The issue of standing is resolved in favor of a petitioner when it is demonstrated that the petitioning individual is an "aggrieved party." Contrary to the assertions of the petitioners, the "affected person" standard set out elsewhere in the statutory section just quoted is not applicable to this case, since that applies only to a person affected by a Board regulation, not a "case decision" as occurred here. The focus of this court's inquiry is thus limited to determining whether petitioners are "parties aggrieved" as interpreted in this state.

Counsel for the Board has correctly cited *Va. Beach Beautification Comm. v. Board of Zoning Appeals*, 231 Va. 415 (1986), as determinative of the issue before us. There, the Court held that in order for a party to obtain standing to appeal the decision of an administrative agency, the party must be "aggrieved" within the meaning of Va. Code Section 15.1-497. The Court went on to explain that:

> the term "aggrieved" has a settled meaning in Virginia when it becomes necessary to determine who is a proper party to seek court relief from an adverse decision. In order for a petitioner to be "aggrieved," it must affirmatively appear that such person had some direct interest in the subject matter of the proceeding that he seeks to attack. The petitioner "must show that he has an immediate, pecuniary, and substantial interest in the litigation and not a remote or indirect interest." Thus, it is not sufficient that the sole interest of the petitioner is to advance some perceived public right or to redress some anticipated public injury when the only wrong he has suffered is in common with other persons similarly situated. The word "aggrieved" in a statute contemplates a substantial grievance and means a denial of some personal or property right, legal or equitable, or imposition of a burden or obligation upon the petitioner different from that suffered by the public generally. *Id*. at 419. (citations omitted).

In *Va. Beach Beautification*, the appellants sought to appeal the granting of a variance to permit construction of a freestanding sign advertising a hotel. The Court held that the VBBC did not demonstrate sufficient grievance to obtain standing, noting, "[i]n the present case, the [VBBC], for example, neither owns nor occupies real property within or in close proximity to the property that is the subject of the variance application." *Id*. at 421.

At this stage, the court is bound to construe all of the facts alleged in the petition as true and all reasonable inferences that may be governed from the "admitted" pleadings.

While it is true that each of the appellants owns property within the "affected" area, Fairfax County, none of the allegations in the petition indicate a substantial harm that is any greater than that experienced by individuals in the neighboring community. The property degradation alleged is of the same character that all property owners in Fairfax would encounter. The limitation on access to recreational facilities is a loss experienced by the greater part of the community. Finally, any toxins that may cause harm to human or animal life is a risk borne by each resident of the County, and in the absence of any allegation of hypersensitivity to the additional effluents that the petitioners herein may suffer from, I cannot find the presence of an "immediate, pecuniary, and substantial interest."

While the appellants have asserted, at great length, extensive injury resulting from the issuance of the contested permit, I do not believe that it is of any greater caliber than the harm suffered by any other recreation-loving homeowning member of the general public. It is this failure to demonstrate a specific injury which compels me to sustain the Board's demurrer.

As this court has concluded that petitioners are not aggrieved, we need not address whether petitioners fall within the "party" aspect of "aggrieved party" under the APA.