COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Benton and Bumgardner
Argued at Richmond, Virginia


HEALTH SYSTEMS AGENCY OF
  NORTHERN VIRGINIA, INC.
                                                          OPINION BY
v.       Record No. 2669-04-4           JUDGE JAMES W. BENTON, JR.
                                                       DECEMBER 28, 2005
ROBERT B. STROUBE, M.D., M.P.H.,
  STATE HEALTH COMMISSIONER,
  NORTHERN VIRGINIA COMMUNITY
  HOSPITAL, L.L.C., LOUDOUN HOSPITAL
  CENTER, AND INOVA HEALTH CARE
  SERVICES d/b/a INOVA FAIR OAKS
  HOSPITAL


                    FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                              Theodore J. Markow, Judge Designate

            K. Stewart Evans, Jr. (Pepper Hamilton LLP, on brief), for appellant.

            Matthew M. Cobb, Assistant Attorney General (Judith Williams
            Jagdmann, Attorney General; David E. Johnson, Deputy Attorney
            General; Jane D. Hickey, Senior Assistant Attorney General, on
            brief), for appellee Robert B. Stroube, M.D., M.P.H., State Health
            Commissioner.

            Jeannie A. Adams (Thomas F. Hancock, III; Hancock, Daniel,
            Johnson & Nagle, P.C., on brief), for appellee Northern Virginia
            Community Hospital, L.L.C.

            (Virginia H. Hackney; Mark S. Hedberg; W. Taylor Reveley, IV;
            Woodrow W. Turner, Jr.; Hunton & Williams, LLP, on brief), for
            appellee Loudoun Hospital Center.  Appellee Loudoun Hospital
            Center submitting on brief.

            No brief or argument for appellee Inova Health Care Services, d/b/a
            Inova Fair Oaks Hospital.


        The trial judge ruled that Health Systems Agency of Northern Virginia, a regional health

planning agency that was a party to an administrative proceeding under Article 1.1 of Title 32.1,

did not have standing to appeal the State Health Commissioner's decision approving a hospital's application for a certificate of public need. Health Systems Agency contends the trial judge erred in dismissing its petition for appeal. We affirm the trial judge's standing decision and the order dismissing Health Systems' petition.

## I.

As a prelude to considering the circumstances of this case, we review the statutory administrative structure that governs applications for certificates of public need for medical care facilities. These statutes also illuminate the relationship between the State Department of Health and regional health planning agencies, which is germane to the standing issue we must consider.

As a part of the comprehensive scheme for health care planning in Virginia, the General Assembly provided for health planning and resource development. See Code §§ 32.1-122.01 to 32.1-122.08. The General Assembly authorized the State Board of Health to develop a State Health Plan with the assistance of regional health planning agencies. Code §§ 32.1-122.03 to 32.1-122.05. These health planning agencies were created "[f]or the purpose of representing the interests of health planning regions and performing health planning activities at the regional level." Code § 32.1-122.05(A). Among the statutorily required functions of health planning agencies is reviewing applications for certificates of public need for medical care facilities. Code § 32.1-102.6(B).[1]

---

[1] Health planning agencies also perform functions outside of the administrative review of certificate of public need applications. See Code §§ 32.1-122.04, 32.1-122.05, 32.1-122.07. In developing a rural health plan, the Commissioner may seek assistance from the health planning agency. Code § 32.1-122.07(D). Buyers of certain medical equipment must register such purchases with the Commissioner and the relevant health planning agency. Code § 32.1-102.1:1. Health planning agencies aid the Board of Health by:

> (i) conducting data collection, research and analyses as required by the Board; (ii) preparing reports and studies in consultation and cooperation with the Board; (iii) reviewing and commenting on the components of the State Health Plan; (iv) conducting needs

As a medical care facility, a hospital must obtain a certificate of public need before undertaking a project enumerated in Code § 32.1-102.1. For example, a hospital must obtain a certificate of public need to establish a medical facility, increase the number of beds or operating rooms in an existing facility, relocate beds (unless for nursing home care), add a new nursing home service to an existing facility, add certain clinical services such as psychiatric service or open heart surgery, convert existing beds to rehabilitation or psychiatric beds, newly acquire certain medical equipment, or spend $5 million or more. Code §§ 32.1-102.1, 32.1-102.3.

To apply for a certificate of public need, a hospital must file a completed application with both the Department and the appropriate regional health planning agency. Code § 32.1-102.6(A). The hospital must send the application by certified mail or delivery service with a return receipt requested, or deliver it "by hand" to obtain a signed receipt. Id. Within ten days of the application's receipt, the Department and the health planning agency shall notify the hospital whether the application is complete or more information is needed. Id.

The health planning agency reviews the hospital's application within sixty days of the start of the review cycle established by the Department. Code § 32.1-102.6(B). The health planning agency must hold a public hearing on each application and publish notice for that hearing. Id. The health planning agency is also required to notify local governments in the health care planning region of the impending hearing and to consider the comments of those governing bodies. Id. The health planning agency must consider all public comments it receives and give the applying hospital an opportunity to respond to any comments that its staff has made

---

assessments as appropriate and serving as a technical resource to the Board; (v) identifying gaps in services, inappropriate use of services or resources and assessing the accessibility of critical services; . . . and . . . conducting such other functions as directed by the regional health planning board.

Code § 32.1-122.05(D).

about the proposal.  Id.  Within ten days of finishing its review, the health planning agency must submit its recommendations concerning the application to the Department.  Id.  If it has not finished its review within the statutorily designated period, the Department must deem the health planning agency's lack of response to be a recommended approval of the project.  Id.

The Department must begin its application review simultaneously with the health planning agency's review.  Code § 32.1-102.6(D).  Although the Department has a Division of Certificate of Public Need that analyzes and issues reports on applications, the statute does not reference the Division or its function.  Id.  Instead, the statute provides generally that the Commissioner "shall make determinations in accordance with the Administrative Process Act." Id.

To facilitate the Commissioner's determination, the Department shall convene an informal fact-finding conference if "necessary."  Id.  The Department's guidelines provide that the Department will conduct an informal fact-finding conference if the Division of Certificate of Public Need has recommended denial of the application, if a regional health planning agency has recommended denial of the application, or if a person has challenged the application by seeking to show good cause as provided in Code § 32.1-102.6(G).  The General Assembly designated that the parties to the case before the Commissioner "shall include only the applicant, any person showing good cause, any third-party payor providing health care insurance or prepaid coverage . . . or the health planning agency if its recommendation was to deny the application."  Code § 32.1-102.6(D).[2]

_____

[2] The statute was amended in 2005 to read as follows:

> Further, if an informal fact-finding conference is determined to be necessary by the Department or is requested by a person seeking good cause standing, the parties to the case shall include only the applicant, any person showing good cause, any third-party payor

Following this procedure, the Commissioner reviews the application and may only issue a certificate if the applicant has demonstrated a public need for the project. Code § 32.1-102.3(A). The Commissioner has the discretion to approve all or part of an application, but the Commissioner's decision to approve the issuance of a certificate of need must be consistent with the State Medical Facilities Plan, with limited statutory exceptions. Id. In considering an application, the Commissioner is required to evaluate twenty factors, including "[t]he recommendation and the reasons therefor of the appropriate health planning agency." Code § 32.1-102.3(B)(1).

During the administrative proceeding, only the applicant has the authority to extend any of the time periods. Code § 32.1-102.6(I). If the Commissioner does not make a determination within forty-five days of the close of the record, the Commissioner must notify the applicants and anyone seeking to show good cause that the application "shall be deemed approved 25 calendar days after expiration of such 45-calendar-day period," unless the hearing officer conducting the fact-finding conference permits the Commissioner to rule within the twenty-five-day grace period. Code § 32.1-102.6(E)(6). If the Commissioner does not act after forty-five days, any competing applicant may petition for immediate injunctive relief, naming "as respondents the Commissioner and all parties to the case." Code § 32.1-102.6(E)(8). Otherwise, after seventy days of the closing of the record, if the Commissioner has not made a determination whether a public need exists, the application will be deemed approved and the "certificate shall be granted." Code § 32.1-102.6(E)(7). A "deemed approval" is to be construed

providing health care insurance . . . and the relevant health planning agency.

Thus, the regional health planning agency now has standing as a party to the administrative proceeding regardless of its recommendation.

as a case decision and "subject to judicial review on appeal as the Commissioner's case decision." Code § 32.1-102.6(F).

## II.

In 2002, in accordance with these statutory provisions, Northern Virginia Community Hospital, L.L.C. filed with the State Department of Health and the Health Systems Agency of Northern Virginia, the regional health planning agency, an application for a certificate of public need. See Code §§ 32.1-102.3 and 32.1-102.6. The application proposed to replace two of its existing hospitals (one in Arlington County and one in Fairfax County) with a new one hundred and eighty bed hospital (Broadlands Medical Center) in Loudoun County. At the same time, three other hospitals in the northern Virginia regional area filed applications for certificates of public need for hospital projects. Loudoun Hospital Center proposed to add space for thirty-two beds in its hospital in Loudoun County. Inova Health Care Services sought to add forty beds at Inova Fair Oaks Hospital in Fairfax County. Potomoc Hospital proposed to rebuild the medical-surgical area at its hospital and to add thirty beds.

During the administrative review, Health Systems Agency recommended to the Department that it deny the application from Community Hospital and approve the applications from the three other hospitals. See Code § 32.1-102.6(B). The Division of Certificate of Public Need recommended approval of only the Potomoc Hospital application. At the conclusion of these reviews, the Commissioner approved only the application from Potomoc Hospital, ruling that a public need did not exist for the projects proposed by Community Hospital, Loudoun Hospital, and Inova Hospital. Community Hospital appealed the Commissioner's denial of its application to the circuit court. Neither Inova Hospital nor Loudoun Hospital appealed.

While its appeal was pending in the circuit court, Community Hospital filed another certificate of public need application with the Department and Health Systems Agency,

proposing a modified Broadlands Medical Center (Broadlands II). In response to Community Hospital's modified application, both Inova Hospital and Loudoun Hospital filed modified applications proposing competing projects at their hospitals. The appeal currently before us arises from this second round of administrative proceedings.

Upon receipt of the modified applications, the Department and Health Systems Agency began their statutory administrative functions. The Division of Certificate of Public Need and Health Systems Agency reviewed all three applications. As required by statute, Health Systems Agency held public hearings on the proposed projects. At least one local governing body, the board of supervisors of Arlington County, informed Health Systems Agency of its objections to the Broadlands II project. Health Systems Agency's staff issued a report noting that current bed capacity already met the needs of the region and concluding that none of the three proposals were in the regional public's interest. The report also indicated that the same conditions that resulted in denial of the applications in the first administrative proceedings still existed. Following the public hearing and the staff report, the board of directors of Health Systems Agency recommended that the Commissioner deny all three projects.

Two weeks later the Division of Certificate of Public Need issued its report, noting that the Broadlands II "project is not consistent with many of the applicable provisions of the State Medical Facilities Plan." Its staff report also recommended denial of all three competing applications.

Following these reports, the Department convened an informal fact-finding conference. The entities designated by Code § 32.1-102.6(D) as parties to the case participated in the informal fact-finding conference: the applicants (Community Hospital, Loudoun Hospital, and Inova Hospital) and the regional health planning agency (Health Systems Agency). The director of the Division of Certificate of Public Need also participated in the conference. Based upon the

informal conference and his review of the extensive administrative record, the hearing officer issued his reports recommending approval of Community Hospital's application subject to conditions, approval of Inova Hospital's application subject to conditions, and denial of Loudoun Hospital's applications. The Commissioner accepted the recommendations of the hearing officer, denying the Loudoun Hospital application and conditionally approving the Inova Hospital and Community Hospital applications.

Health Systems Agency filed a petition for appeal in the circuit court, naming the Commissioner, Loudoun Hospital, Community Hospital, and Inova Hospital as respondents. It contended that the Commissioner's decision approving Community Hospital's application for a certificate of public need for Broadlands II was "unlawful." Loudoun Hospital filed a separate appeal of the Commissioner's decision on all three applications. The Commissioner and Community Hospital filed demurrers and motions to dismiss Health Systems Agency's appeal, arguing that it did not have the statutory authority to appeal the Commissioner's decision. The trial judge sustained the demurrers and granted the motions to dismiss the petition for appeal. Relying upon Virginia Beach Beautification Commission v. Board of Zoning Appeals, 231 Va. 415, 344 S.E.2d 899 (1986), the judge ruled that Health Systems Agency "is not a party aggrieved and therefore lacks standing to appeal the Commissioner's decision."

Health Systems Agency appeals this ruling.

III.

Health Systems Agency contends it has standing to appeal the Commissioner's grant of a certificate of public need because it has a "statutorily mandated interest in preventing the Commissioner from arbitrarily exercising his powers" and because its appeal is necessary to fulfill its legislatively mandated duties. Loudoun Hospital supports the position advanced by Health Systems Agency. The Commissioner and Community Hospital contend, however, that

Health Systems Agency is not "aggrieved" by the grant of the certificate of public need and argue that Health Systems Agency acts only in a representative capacity during the administrative process to assist the Board of Health. The Commissioner further contends that, because Health Systems Agency was a respondent in Loudoun Hospital's appeal to the circuit court, any decision favorable to Health Systems Agency in this appeal would be an advisory opinion.

As a general proposition, the Administrative Process Act governs the appeals process for administrative decisions, unless the agency's basic law provides otherwise. Kenley v. Newport News Gen. & Non-Sectarian Hosp. Ass'n, 227 Va. 39, 46, 314 S.E.2d 52, 56 (1984); Va. Bd. of Med. v. Va. Physical Therapy Ass'n, 13 Va. App. 458, 465, 413 S.E.2d 59, 63-64 (1991). Because the statutes governing certificates of public need generally are silent regarding procedures for judicial review of the Commissioner's case decisions, we look to the Administrative Process Act. Under the Act, "[a]ny person affected by and claiming the unlawfulness of any regulation, or party aggrieved by and claiming unlawfulness of a case decision . . . shall have a right to the direct review thereof by . . . court action." Code § 2.2-4026; see also Kenley, 227 Va. at 46, 314 S.E.2d at 56. Thus, Health Systems Agency can appeal the Commissioner's grant of a certificate of public need if (1) that action was a case decision, (2) Health Systems Agency was a named party in the administrative proceeding, and (3) the decision aggrieved Health Systems Agency. See Strawbridge v. County of Chesterfield, 23 Va. App. 493, 498, 477 S.E.2d 789, 792 (1996).

All the parties to this appeal agree that the Commissioner's decision was a case decision, that Health Systems Agency was a named party in the administrative proceedings, and that the determinative issue in this case is whether Health Systems Agency is "aggrieved." The parties also agree that the Supreme Court's decisions in Virginia Beach Beautification Commission, 231

Va. 415, 344 S.E.2d 899, and Board of Supervisors of Fairfax County v. Board of Zoning

Appeals, 268 Va. 441, 604 S.E.2d 7 (2004), provide guidance in determining who is

"aggrieved."

In Virginia Beach Beautification Commission, a non-stock corporation of individuals and

organizations that had the goal of maintaining Virginia Beach as "one of the most beautiful cities

in the state" sought to challenge the board of zoning appeals grant of a zoning variance to a

hotel. 231 Va. at 418, 344 S.E.2d at 902. The Supreme Court noted that the civic entity owned

no property, paid no city taxes, and sought "to advance some perceived public right or to redress

some anticipated public injury when the only wrong . . . suffered [was] in common with other

persons similarly situated." Id. at 419, 344 S.E.2d at 902. Upholding the trial judge's denial of

standing, the Supreme Court held that "[t]he word 'aggrieved' in a statute contemplates a

substantial grievance and means a denial of some personal or property right, legal or equitable,

or imposition of a burden or obligation upon the petitioner different from that suffered by the

public generally." Id. at 419-20, 344 S.E.2d at 902-03. Thus, this voluntary civic organization,

which had a mere intangible connection to the zoning decision, did not have an interest damaged

by the decision to allow a variance from the height and setback requirements the city's zoning

ordinance imposed for freestanding signs. Id. at 420, 344 S.E.2d at 903.

By contrast, in Board of Supervisors of Fairfax County, the Supreme Court held that the

board of supervisors had standing to appeal a decision by the board of zoning appeals granting a

residential property owner a variance from a county zoning ordinance. 268 Va. at 446, 604

S.E.2d at 9. The Court held that the board of supervisors had a statutorily recognized "interest in

the proper and uniform application of its zoning ordinances" and a governmental need to "ensure

compliance with its legislative enactments, including its zoning ordinance[s]." Id. These

governmental functions sufficiently established "an immediate and substantial interest in this

litigation." Id. at 450, 604 S.E.2d at 11. Thus, the General Assembly's statutory grant of authority to governing bodies informed, in part, the Supreme Court's standing decision. See id.

In both cases, the Supreme Court referred to an established meaning of "aggrieved" as the guiding principle for its decision.

> "The term 'aggrieved' has a settled meaning in Virginia when it becomes necessary to determine who is a proper party to seek court relief from an adverse decision. In order for a petitioner to be 'aggrieved,' it must affirmatively appear that such person had some direct interest in the subject matter of the proceeding that he seeks to attack. [Nicholas v. Lawrence, 161 Va. 589, 592, 171 S.E. 673, 674 (1933)]. The petitioner 'must show that he has an immediate, pecuniary and substantial interest in the litigation, and not a remote or indirect interest.' [Id. at 593, 171 S.E. at 674]. Thus, it is not sufficient that the sole interest of the petitioner is to advance some perceived public right or to redress some anticipated public injury when the only wrong he has suffered is in common with other persons similarly situated. The word 'aggrieved' in a statute contemplates a substantial grievance and means a denial of some personal or property right, legal or equitable, or imposition of a burden or obligation upon the petitioner different from that suffered by the public generally. [Insurance Ass'n v. Commonwealth, 201 Va. 249, 253, 110 S.E.2d 223, 226 (1959)]."

Board of Supervisors of Fairfax County, 268 Va. at 449-50, 604 S.E.2d at 11 (quoting Va. Beach Beautification Comm'n, 231 Va. at 419-20, 344 S.E.2d at 902-03). Therefore, we too apply these principles as a guide to analyzing the issue of standing in this case.[3]

Without any reference to Board of Supervisors of Fairfax County, the trial judge found that Health Systems Agency's sole interest in the proceeding was "representational, [which] is only an indirect interest." Based on this finding, he ruled that Health Systems Agency's interest did not meet the standards for an aggrieved party. Health Systems Agency contends the trial

---

[3] We recognize that the Court in Board of Supervisors of Fairfax County did not apply each factor encompassed by the meaning of "aggrieved." See 268 Va. at 454-60, 604 S.E.2d at 13-17 (Kinser, J., dissenting) (noting that the majority fails to apply each factor of the definition when holding that the board of supervisors was "aggrieved"). The Court held, however, that at a minimum a necessary factor was a showing of "an immediate and substantial interest in the litigation." Id. at 450, 604 S.E.2d at 11.

judge erred because it has a statutorily recognized "interest that arises out of legislated purposes and/or duties" that constitutes a direct and substantial interest in the litigation. Thus, it argues Board of Supervisors of Fairfax County controls the decision on its standing.

The Commissioner contends that the trial judge ruled correctly because the Board of Health and the Commissioner are the entities mandated by statute to protect the public health. See Code § 32.1-2 (providing that "the State Board of Health and the State Health Commissioner, assisted by the State Department of Health, shall administer and provide a comprehensive program of preventive, curative, restorative, and environment health services"). Consequently, the Commissioner argues, regional health planning agencies act solely in a representative capacity similar to the non-stock corporation in Virginia Beach Beautification Commission.

We recognize that the General Assembly created health planning agencies to serve as a significant aid to the development of health programs and planning for Virginia. This is an important distinction between Health Systems Agency and voluntary civic organizations such as the one discussed in Virginia Beach Beautification Commission. The duties of "representing the interests of health planning regions and performing health planning activities at the regional level" are significant in Virginia's comprehensive health care planning. Code § 32.1-122.05(A). Yet, health planning agencies' primary responsibilities arise out of "assist[ing] the Board of Health." Code § 32.1-122.05(D). They do so by:

> (i) conducting data collection, research and analyses as required by the Board; (ii) preparing reports and studies in consultation and cooperation with the Board; (iii) reviewing and commenting on the components of the State Health Plan; (iv) conducting needs assessments as appropriate and serving as a technical resource to the Board; (v) identifying gaps in services, inappropriate use of services or resources and assessing accessibility of critical services; (vi) reviewing applications for certificates of public need and making recommendations to the Department thereon as

provided in § 32.1-102.6; and (vii) conducting such other functions as directed by the regional health planning board.

Id.

These responsibilities and other duties of regional health planning agencies are of an advisory nature. The statutes create a scheme in which the Board of Health, Department of Health, Commissioner, and health planning agencies work together to accomplish the same end of promoting the public's health care interest. The statutory scheme does not suggest that health planning agencies need to be able to appeal the Commissioner's decisions with which they disagree in order to fulfill their legislated purposes and functions.

At the administrative proceedings in this case, Health Systems Agency recommended that the Commissioner deny all the applications. This recommendation was made after a thorough review of the documents and following consideration of the comments received from the public and the local governing bodies. Accepting as true Health Systems Agency's claim in its petition for appeal that the Commissioner's approval of Community Hospital's application violated the State Medical Facilities Plan and was "unlawful," we cannot conclude, as the Supreme Court did in Board of Supervisors of Fairfax County, that Health Systems Agency has an immediate and substantial interest in the litigation. The Commissioner did not vitiate any governmental or statutory authority of Health Systems Agency by not following its recommendation. Health Systems Agency performed its statutory role and made its recommendations.

Unlike the appellant in Board of Supervisors of Fairfax County, Health Systems Agency does not point to any statute granting the "broad power to institute actions in its own name." 268 Va. at 446, 604 S.E.2d at 9. In Pearsall v. The Virginia Racing Commission, 26 Va. App. 376, 494 S.E.2d 879 (1998), we noted that the Supreme Court has held that "'[a]n individual or entity does not acquire standing to sue in a representative capacity by asserting the rights of another, unless authorized by statute to do so.'" Id. at 382, 494 S.E.2d at 882 (quoting W.S. Carnes, Inc.

- 13 -

v. Bd. of Supervisors, 252 Va. 377, 383, 478 S.E.2d 295, 300 (1996)).  As we further noted in

Pearsall, the absence of statutory authorization has added significance when the suit is brought

against a state agency because we are required to "construe the Commonwealth's waiver of its

sovereign immunity narrowly."  26 Va. App. at 383, 494 S.E.2d at 883.

The statutes concerning certificates of public need do not define the class of persons who

may appeal the Commissioner's decision.  The statutes only address litigation in two

circumstances.  One statute provides that, if the Commissioner issues a certificate for only a

portion of a project, "any appeal may be limited to the part of the decision with which the

*appellant* disagrees without affecting the remainder of the decision."  Code § 32.1-102.3(A)

(emphasis added).  The statute does not otherwise describe who may appeal.  In another section,

the statute provides for health planning agency involvement in a certificate of public need case at

the circuit court level:  when the Commissioner has overly delayed on making a decision, a

competing applicant can petition for injunctive relief and name "as respondents the

Commissioner and all parties to the case."  Code § 32.1-102.6(E)(8).  In that circumstance, the

health planning agency is a party to the case only "if its recommendation was to deny the

application."  Code § 32.1-102.6(D).[4]

The legislature could have expanded health planning agencies' powers to sue or be sued

but did not do so.[5]  The legislature chose not to delineate further health planning agency

participation outside of the Commissioner's review process.  We believe this omission is

---

[4] In accordance with the statute as now written, the health planning agency must be named as a respondent in all cases where an applicant seeks injunctive relief after delay.

[5] At least one other jurisdiction authorizes its comparable entity to appeal the Department of Health's decision concerning a certificate of need.  See, e.g., D.C. Code § 44-413 (providing that the final decision of the Department of Health concerning certificates of public need may be appealed by the Statewide Health Coordinating Council to the Office of Administrative Hearings).

significant and persuasive as to health planning agencies' legislated purpose and functions. Simply put, the legislature created regional health planning agencies to give assistance and advice to the Department, but gave it no authorization to appeal from the Commissioner's decision.

We conclude, therefore, that Health Systems Agency has not demonstrated "a substantial grievance" or "an immediate and substantial interest in this litigation" as required by Board of Supervisors of Fairfax County. 268 Va. at 450, 450, 604 S.E.2d at 11, 11. Consequently, Health Systems Agency is not "aggrieved" and does not have standing to appeal the Commissioner's decision rejecting its recommendation to deny a certificate of public need application. For these reasons, we affirm the decision of the circuit court.

Affirmed.