# CIRCUIT COURT OF LOUDOUN COUNTY

John R. Mann
and Sally R. Mann

v.

Loudoun County
Board of Supervisors

February 12, 2008

Case No. CL 46086

BY JUDGE THOMAS D. HORNE

The instant motions attack plaintiff's standing to pursue an appeal from a final decision of the Board of Supervisors of Loudoun County. Plaintiffs, John and Sally Mann, seek judicial review of the Board's affirmation of the opinion of the County Zoning Administrator, concurred in by the Historic District Review Committee, that a Certificate of Appropriateness was not required in connection with the construction of certain buildings on property owned by Keith and Cheryl Early and located within the Goose Creek Cultural and Historic District. The Earlys had previously sought the opinion of the Zoning Administrator as to whether a Certificate of Appropriateness was required prior to construction of the two buildings.

It was the opinion of the Zoning Administrator that the construction of the buildings was exempt from the requirement of a Certificate of Appropriateness as the project involved the construction of bona fide farm buildings primarily used or to be used for agricultural or horticultural purposes. Loudoun County, Va., Zoning Ordinance 6-1902. Plaintiffs are the adjacent property owners to the applicant and allege that they will suffer harm

as a result of the building plans of the applicant. Upon appeal by Mr. and Mrs. Mann, the Historic District Committee and the Board of Supervisors both concurred in the decision of the Zoning Administrator. Va. Code Ann. § 15.2-2306; Loudoun County, Va., Zoning Ordinance 6-1909. Thus, Mr. and Mrs. Mann now seek to overturn this decision by way of appeal to this Court. *Id.*

Both the Board of Supervisors and Mr. and Mrs. Early challenge the standing of Mr. and Mrs. Mann to pursue the instant appeal. They correctly state that the issue of standing has not been waived and that the issue is one properly before the Court for review. The Loudoun County Zoning Ordinance contains language expressly limiting such appeals from decisions of the Zoning Administrator in such cases to a "party directly aggrieved" (petition for appeal from determination of the Zoning Administrator to the Historic District Review Commission), and an "applicant aggrieved, or other party economically injured by a final decision of the Historic Review Commission (appeal from the Historic District Review Commission to the Loudoun County Board of Supervisors and appeal to the Court from the Loudoun County Board of Supervisors).

The property owned by Mr. and Mrs. Mann and adjacent to that of the Earlys is not located within the Historic District.

At each level of the appeal process, Mr. and Mrs. Mann complied with the time limitations for the filing of such appeals in connection with the building proposal of Mr. and Mrs. Early and the need that a Certificate of Appropriateness be obtained prior to construction.

As counsel have observed, specific guidance has been given by the Supreme Court of Virginia as to whom is an "aggrieved party" entitled to "seek court relief from an adverse decision." *Virginia Beach Beautification Com. v. Board of Zoning Appeals*, 231 Va. 415, 419 (1986). Thus:

> [t]he petitioner, "must show that he has an immediate, pecuniary and substantial interest in the litigation and not a remote or indirect interest" it is not sufficient that the sole interest of the petitioner is to advance some perceived public right or to redress some anticipated public inquiry when the only wrong he has suffered is in common with other persons similarly situated. The word "aggrieved" in a statute contemplates a substantial grievance and means a denial of some personal or property right, legal or equitable, or imposition of a burden or obligation upon the petitioner different from that suffered by the public generally.

*Id.* at 419, 420.

This position is consistent with that taken in other states. 4 *Anderson's American Law of Zoning*, § 27.10 (4th ed. 1997).

In the interpretation of statutes, it is fundamental that each word used be given meaning and harmonized with other related provisions. See also, 17 M.J., *Statutes*, § 42. The instant appeal provisions of the Zoning Ordinance afford standing to both "applicants aggrieved" and to any "other party economically injured by a final decision." Mr. and Mrs. Mann are not the applicants. Mr. and Mrs. Early own the property upon which the buildings are to be erected within the historic district. It is for the purpose of their construction project that the Zoning Administrator's guidance was sought.

The defendants claim that, based upon the extant record, this Court can conclude as a matter of law that neither of the plaintiffs is "a party aggrieved" or an "other party economically injured by the final decision." While the Ordinance refines the universe of persons having standing to pursue an appeal to those with a direct interest in the subject matter, it is procedurally counterintuitive to assume that lesser restrictions on participation would apply at a time later in the chain of review than at its inception. Thus, the categories of "applicants" and of persons "economically injured by the decision" are either the same as, or reasonable subsets of, the class identified as those "directly aggrieved." In either case, limiting language is encompassed within the definition of "aggrieved" person, as the Supreme Court defines the term. Such an interpretation is consistent with the general concept that an "aggrieved party," in order to appeal, need only demonstrate a burden not shared with the public at large while the plaintiff, in the instant case, is held to a stricter standard of proof of economic injury or a party directly aggrieved.

Judge John R. Wetzel, Jr., in a thorough analysis of standing in a zoning context, has sought guidance in the general law of damages in order to assist trial courts in determining the issue of standing. Thus, an aggrieved party, who is subject to the burden of the adverse administrative decision, must prove a causal connection between identifiable damage and proposed use of the property. *Carolinas Cement Co. v. Zoning Appeals Bd.*, 52 Va. Cir. 6 (2000). The legislature has delegated to localities the power to identify those parties entitled to appeal final decisions of the Board respecting matters identified in the historic district ordinance. Va. Code Ann. § 15.2-2306(A)(3).

Had the County elected to limit appeals to only affected landowners within the historic district, they would have said so rather than expand the limits of standing to include those who are directly or economically aggrieved. It does not restrict the right of appeal to only those living within the historic district or applicants under the ordinance.

In summary, the issue of standing in this case is one both of law and fact that cannot be resolved on summary judgment or motion to dismiss. It is a determination incapable of being put to rest at this time. Plaintiffs will, in order to pursue the appeal, have to demonstrate that they have suffered economic injury.

Mr. Flannery may draw an order consistent with this opinion denying the motion to dismiss and for summary judgment, to which counsel for Mr. and Mrs. Early and the Board may note their exception.

This case will be continued.