# VIRGINIA:

*In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond on Thursday the 27th day of May, 2021.*

Present:  All the Justices

Historic Alexandria Foundation,                                                              Appellant,

 against        Record No. 200195
                    Circuit Court No. CL19002249

City of Alexandria, et al.,                                                              Appellees.

                                      Upon an appeal from a judgment rendered by the Circuit Court of the City of Alexandria.

The Historic Alexandria Foundation (the "Foundation") contends that the Circuit Court of the City of Alexandria erred when it determined that the Foundation lacked standing to pursue the claims asserted in this case.  Upon consideration of the record, briefs, and argument of counsel, the Court is of opinion that there is no error in the judgment of the circuit court.

## I.  BACKGROUND

This case involves the renovation of property located in the Old and Historic District of the City of Alexandria.  The property at issue was the residence of United States Supreme Court Justice Hugo Black from 1939 until his death in 1971.  An historic residence and spacious grounds are located on the property.  Since 1969, the property has been subject to an "open space" easement.  The easement imposes restrictions on the development of the property in order to protect its historic structures and the open space surrounding them.

Vowell, LLC, currently owns the property at issue.  In 2018, Vowell filed applications with the Old and Historic Alexandria District Board of Architectural Review (the "BAR") to obtain certain permits for the renovation of the property.  Vowell also submitted its renovation plans to the Virginia Department of Historic Resources (the "VDHR"), the holder of the open

space easement.[*] The VDHR subsequently determined that the proposed renovation complied with the terms of the easement.

The BAR held public hearings regarding Vowell's applications on December 19, 2018, and February 6, 2019. The Foundation opposed the applications. The BAR approved Vowell's applications following the second public hearing, and the Foundation appealed the BAR's decision to the Alexandria City Council pursuant to Alexandria Zoning Ordinance § 10-107(A).

The City Council affirmed the BAR's decision on May 15, 2019, at the conclusion of a lengthy public hearing. The Foundation then appealed the City Council's decision to the circuit court pursuant to Alexandria Zoning Ordinance § 10-107(B). On appeal, the Foundation alleged that it was "vitally interested in the proper administration of the Open Space Land Act and the protections for historic properties provided by the Alexandria Zoning Ordinance[s]."

The Foundation's petition noted that the Foundation owns property in the Old and Historic District that is located within approximately 1,500 feet of the property at issue. The Foundation's petition also alleged that the Foundation has granted open space easements to third parties over some of its properties, and that the Foundation is a co-grantee of several other open space easements.

The petition explained that the Foundation was established "to advocate for the preservation of Alexandria's historic buildings, districts, and neighborhoods." The petition also highlighted certain actions of the Foundation that encouraged the preservation of the specific property at issue. The petition noted that the Foundation awarded an honorary plaque to the property in 1965 to recognize its historic and architectural significance. The petition also claimed that the property was included in the "Historic American Buildings Survey" in 1966 based on research that was partially funded by the Foundation.

Both Vowell and the City filed demurrers to the Foundation's petition. Among other things, Vowell and the City argued that the petition failed to allege sufficient facts to establish that the Foundation had standing to pursue the appeal. The circuit court held a hearing regarding the demurrers on October 23, 2019.

After considering the parties' arguments, the circuit court observed that Alexandria Zoning Ordinance § 10-107(B) allows "aggrieved" parties to appeal certain decisions of the City

---

[*] Although the easement was originally granted to the Virginia Historic Landmarks Commission, this entity is now known as the Virginia Department of Historic Resources.

Council.  Citing *Friends of the Rappahannock v. Caroline Cnty. Bd. of Supervisors*, 286 Va. 38 (2013), and *Virginia Beach Beautification Comm'n v. Board of Zoning Appeals*, 231 Va. 415 (1986), the circuit court explained that an "aggrieved" party must "suffer a harm that is particularized to them and different than that which would be suffered by the public at large."

The circuit court determined that the Foundation's petition failed to allege that the Foundation suffered any particularized harm resulting from the City Council's decision. Consequently, the circuit court concluded that the petition did not establish that the Foundation was an "aggrieved" party with standing to pursue the appeal.  Therefore, the circuit court sustained the demurrers and entered a final order dismissing the matter with prejudice.  This appeal followed.

## II.  ANALYSIS

A circuit court's decision sustaining a demurrer presents a question of law that is reviewed de novo on appeal.  *EMAC, L.L.C. v. County of Hanover*, 291 Va. 13, 20 (2016). When reviewing a decision sustaining a demurrer, the Court must determine whether the allegations of the underlying pleading established "a foundation in law for the judgment sought." *Eagle Harbor, L.L.C. v. Isle of Wight County*, 271 Va. 603, 611 (2006) (quoting *Hubbard v. Dresser, Inc.*, 271 Va. 117, 119 (2006)).  In making this determination, the Court accepts the facts alleged in the pleading as true and all reasonable inferences that may be drawn from those facts.  *See EMAC*, 291 Va. at 20; *Eagle Harbor*, 271 Va. at 611.

The Foundation contends that the facts alleged in its petition established that it had standing to appeal the City Council's decision as an "aggrieved" party under both Alexandria Zoning Ordinance § 10-107(B) and the legal standard set forth in *Friends of the Rappahannock* and other decisions.  The Court disagrees with the Foundation.

Alexandria Zoning Ordinance § 10-107 sets forth the procedures that apply to appeals of decisions of the BAR and the City Council.  Subsection (A) of the ordinance applies when a party appeals a decision of the BAR to the City Council.  In pertinent part, subsection (A) states:

> Whenever the board of architectural review shall approve an application for a certificate of appropriateness or an application for a permit to move, remove, capsulate or demolish in whole or in part, opponents to the granting of such certificate or of such permit shall have the right to appeal to and be heard before the city council.

3

Alexandria Zoning Ordinance § 10-107(A)(2).

In turn, subsection (B) of the ordinance applies when a party appeals a decision of the City Council to the circuit court. In pertinent part, subsection (B) states: "Any applicant or any of the petitioners aforesaid *aggrieved* by a final decision of the city council shall have the right to appeal such decision to the circuit court for a review." Alexandria Zoning Ordinance § 10-107(B) (emphasis added).

The provisions of subsections (A) and (B) of the zoning ordinance are not identical. Significantly, the term "aggrieved" is only used in subsection (B), the portion of the ordinance addressing appeals to the circuit court. While any "opponent" may appeal a decision of the BAR to the City Council, only an "aggrieved" petitioner may appeal a decision of the City Council to the circuit court.

"The term 'aggrieved' has a settled meaning in Virginia when it becomes necessary to determine who is a proper party to seek court relief from an adverse decision." *Virginia Beach Beautification Comm'n*, 231 Va. at 415. When the City used the specific term "aggrieved" in subsection (B) of Alexandria Zoning Ordinance § 10-107, it incorporated the well-established meaning of that term into the ordinance.

In general, only an "aggrieved" party has standing to pursue a claim in court. *See Friends of the Rappahannock*, 286 Va. at 47.

> In order for a petitioner to be "aggrieved," it must affirmatively appear that such person had some direct interest in the subject matter of the proceeding that he seeks to attack. The petitioner "must show that he has an immediate, pecuniary and substantial interest in the litigation, and not a remote or indirect interest." *Nicholas v. Lawrence*, 161 Va. 589, 593 (1933). Thus, it is not sufficient that the sole interest of the petitioner is to advance some perceived public right or to redress some anticipated public injury when the only wrong he has suffered is in common with other persons similarly situated. The word "aggrieved" in a statute contemplates a substantial grievance and means a denial of some personal or property right, legal or equitable, or imposition of a burden or obligation upon the petitioner different from that suffered by the public generally.

*Virginia Beach Beautification Comm'n*, 231 Va. at 419-20 (some citations omitted).

In *Friends of the Rappahannock*, the Court addressed whether a nonprofit organization and local landowners had standing to challenge a locality's decision to permit sand and gravel

4

mining on certain property.  *See Friends of the Rappahannock*, 286 Va. at 41.  The Court applied a two-part test to determine whether the plaintiffs, who claimed "no ownership interest in the subject property," had standing to challenge the locality's decision.  *Id.* at 48.  The Court explained that, in order to have standing in this context:

> First, the complainant must own or occupy "real property within or in close proximity to the property that is the subject of" the land use determination, thus establishing that it has "a direct, immediate, pecuniary, and substantial interest in the decision." *Virginia Beach Beautification Comm'n*, 231 Va. at 420.
>
> Second, the complainant must allege facts demonstrating a particularized harm to "some personal or property right, legal or equitable, or imposition of a burden or obligation upon the petitioner different from that suffered by the public generally." *Virginia Marine Res. Comm'n v. Clark*, 281 Va. 679, 687 (2011).

*Friends of the Rappahannock*, 286 Va. at 48.

In the present case, the Foundation's petition did not meet the requirements of the two-part test articulated in *Friends of the Rappahannock*.  Specifically, the allegations of the petition failed to establish that the Foundation suffered any particularized harm that differed from that suffered by the public in general.  *See id.*

In essence, the Foundation contends it would be harmed by the proposed renovation of the property at issue because the renovation would: (1) compromise the integrity of the historic residence located on the property, and (2) diminish the protected open space on the property.  Citing its status as both a grantor and co-grantee of other open space easements, the Foundation also implicitly contends that the City's failure to strictly enforce the open space easement over the property at issue could jeopardize the enforcement of open space easements in the Old and Historic District.

Assuming that the City Council's decision and the planned renovation of the property would indeed result in the harm alleged by the Foundation, the resulting harm would be shared by the public generally.  Every property owner and resident of the Old and Historic District would share the loss of the historic residence and open space.  Moreover, every citizen of the Commonwealth (including all of the grantors and grantees of open space easements) would arguably be harmed by a decision that jeopardizes the proper administration of the Open Space Land Act and the preservation of open space.

5

The Court acknowledges that the Foundation was established "to advocate for the preservation of Alexandria's historic buildings, districts, and neighborhoods." Nevertheless, the Foundation's interest in the preservation of historic buildings does not give it standing to challenge the City Council's decision in this case. *See Virginia Beach Beautification Comm'n*, 231 Va. at 418-20 (holding that a nonstock corporation that was formed to "make and keep Virginia Beach one of the most beautiful cities in the state" did not have standing to challenge a locality's decision approving the placement of a sign). "Absent an allegation of injury or potential injury not shared by the general public," a complaining party has failed to establish standing to challenge a land use decision. *See Friends of the Rappahannock*, 286 Va. at 49.

As the Foundation's petition failed to allege that the Foundation suffered any form of particularized harm resulting from the City Council's decision, the circuit court did not err when it determined that the Foundation lacked standing to pursue the claims asserted in this case. Accordingly, the judgment of the circuit court is affirmed.

This order shall be certified to the Circuit Court of the City of Alexandria and shall be published in the Virginia Reports.

A Copy,

Teste:

Douglas B. Robelen, Clerk

By:

Deputy Clerk