ALLSTAR TOWING, INC.

V.

CITY OF ALEXANDRIA

Record No. 850840

June 13, 1986

Present: All the Justices

*George P. Doss, Jr.* for appellant.

*John W. Henderson, Assistant City Attorney (Cyril D. Calley, City Attorney,* on brief), for appellee.

COMPTON, J., delivered the opinion of the Court.

In this action arising from the competitive bidding process for a public contract, we review the trial court's application of the principles of res judicata.

The chronology is important as we recite the undisputed facts. On November 16, 1984, appellee City of Alexandria, through its purchasing division, invited bids for a contract to tow vehicles in the City for a period beginning November 1, 1984 through December 31, 1985. Appellant Allstar Towing, Inc., although unincorporated at the time, submitted a timely bid. No other bid was received.

On December 3, 1984, the City, through its purchasing agent, opened the bid and declared Allstar to be ineligible for the contract because it was not a de jure Virginia corporation on that date. Allstar was notified in writing of this decision. *See* Code § 11-65, a part of the Virginia Public Procurement Act, Code §§ 11-35 to -80. The State Corporation Commission issued a certificate of incorporation to Allstar on December 4, 1984. Allstar protested the City's decision to the purchasing agent, who rejected the protest because Allstar was not a "registered corporation" on the day the bid was opened. Subsequent to December 3, the City, for the second time, invited bids for the towing contract.

On December 27, 1984, Allstar filed in the court below a "Petition for Appeal" from the determination of ineligibility made by the City. Allstar asked the court to "overrule" the City's determination and to require Allstar's bid to be accepted. In the alternative, Allstar sought an award of "reasonable profits" which it would have earned "over the course of the prospective agreement." On the next day, Allstar also filed an application for a temporary injunction seeking to prevent the City from entering into a towing contract with any entity until the court determined the merits of the appeal from the decision of ineligibility.

On December 31, 1984, after hearing argument on the petition for appeal and request for injunctive relief, the trial court ruled that both would be denied. The court decided the City acted reasonably when it rejected Allstar's bid upon the ground that Allstar

"was not a legal entity" on December 3. An order reflecting this ruling was not entered until a later date.

Prior to January 11, 1985, Allstar submitted a bid in response to the second invitation. By letter of January 11, the City notified Allstar that the bid had been awarded to "Franconia Towing & Storage." Seven days later, Allstar protested the award, alleging that Franconia did not qualify "per the terms of the bid." On January 23, 1985, the City refused to accept the protest because "this matter is currently in litigation following Allstar's filing suit." On January 29, 1985, the trial court entered the order dismissing Allstar's petition for appeal and request for injunctive relief on the ground previously stated.

On February 4, 1985, Allstar filed the present action against the City. In a pleading labelled "Appeal From Erroneous Denial of Award of Contract For Towing," Allstar alleged that Franconia was awarded the contract "unfairly" to the prejudice of Allstar. The plaintiff asserted that the City's specifications required the successful bidder to have five wrecking trucks no older than five years and "a tow bar of special design to hook to the axle or frame of a fire engine without touching the body of the fire engine in any way." The plaintiff alleged that, upon inspection by the City after receipt of the bids, it was determined that Allstar met the foregoing requirements and Franconia did not. Attacking the notice of award dated January 11, 1985, Allstar asked the court to enter a judgment for $2 million damages representing "lost income that it would have received . . . had the contract been awarded to it."

Subsequently, the trial court sustained a plea in bar filed by the City and, on July 25, 1985, entered the order from which this appeal was awarded. The court ruled that the second action was barred by the decision made on December 31, 1984 in the first suit, because the "elements of *res judicata* have been satisfied."

Initially, we questioned whether jurisdiction of this appeal lies in this Court or in the Court of Appeals of Virginia. Code § 17-116.05(1) provides that any aggrieved party may appeal to the Court of Appeals from "[a]ny final decision of a circuit court on appeal from a decision of an administrative agency." We are now satisfied that appellate jurisdiction of this dispute does not lie in the Court of Appeals.

The February 1985 action filed by Allstar was not an "appeal" from a decision of an administrative agency within the meaning of

§ 17-116.05(1). Rather, the proceeding was an independent action at law. Code § 11-66 permits a bidder to protest the decision to award a contract by invoking administrative procedures under Code § 11-71 "or in the alternative by instituting legal action as provided in § 11-70." Section 11-70 permits the bidder to bring an action at law in the appropriate circuit court challenging the decision by the public body. Allstar takes the position, not disputed by the City, that the present action was brought under § 11-70 and not under the administrative appeals procedure authorized by § 11-71. Under these circumstances, appellate jurisdiction of this action at law lies here. Code § 8.01-670(A)(3).*

On the merits of the appeal, the City contends the trial court correctly ruled that the decision of the first action in favor of the City barred Allstar from proceeding with the second action under the principles of res judicata. It relies on the following statement of the doctrine:

> "When the second suit is between the same parties as the first, and on the same cause of action, the judgment in the former is conclusive of the latter not only as to every question which was decided, but also as to every other matter which the parties might have litigated and had determined, within the issues as they were made or tendered by the pleadings or as incident to or essentially connected with the subject matter of the litigation, whether the same, as a matter of fact, were or were not considered. As to such matters a new suit on the same cause of action cannot be maintained between the same parties." *Gimbert* v. *Norfolk Southern R.R. Co.*, 152 Va. 684, 689-90, 148 S.E. 680, 682 (1929) (internal quotation omitted).

The City argues that the contract and the parties were the same in both cases. It also contends that the cause of action based on the issue of "contract award" was common to both cases. In the first case, the argument goes, the court ruled that Allstar was not a responsible bidder, thus making it ineligible for award of the

---

*An additional reason exists why jurisdiction of this appeal lies in this Court and not in the Court of Appeals. The City of Alexandria is not "an administrative agency," within the meaning of § 17-116.05(1). The rationale behind this conclusion is discussed in *Virginia Beach Beautification Commission* v. *Board of Zoning Appeals*, 231 Va. 415, 344 S.E.2d 899 (1986), decided today.

contract, while in the second case Allstar brought another action related to the same issue of "procurement" that already had been decided against it. We disagree with the City.

■ Manifestly, the same cause of action was not involved in the two cases. For the purposes of res judicata, a "cause of action" may be defined broadly "as an assertion of particular legal rights which have arisen out of a definable factual transaction." *Bates* v. *Devers*, 214 Va. 667, 672 n.8, 202 S.E.2d 917, 921 n.8 (1974). In the first case, Allstar sought relief because the City had determined it to be a "non-responsible" bidder. The City's ruling was based on the fact that Allstar was not incorporated on the day the first bid was opened. In the second action, Allstar sought relief because the City, after issuing a second invitation to bid to which Allstar responded, had awarded the contract to a bidder that allegedly did not meet the City's specifications. As Allstar points out, the facts giving rise to the second cause of action were not even in existence when the first action was heard and decided on the merits on December 31, 1984. In sum, the legal rights asserted in the second action arose from a factual transaction that was different from the factual transaction giving rise to the assertion of legal rights in the first action.

Consequently, we hold the trial court erred in sustaining the City's plea in bar and dismissing the second action. We will reverse the judgment in favor of the City and remand the case for further proceedings on Allstar's action at law.

*Reversed and remanded.*