COMMONWEALTH OF VIRGINIA, DEPARTMENT OF
HIGHWAYS AND TRANSPORTATION, ET AL.

V.

E. W. YEATTS, INC.

Record No. 850961

March 6, 1987

Present: All the Justices

*E. Suzanne Darling, Assistant Attorney General (Mary Sue Terry, Attorney General; Walter A. McFarlane, Deputy Attorney General; James F. Hayes, Assistant Attorney General,* on brief), for appellants.

*Richard D. Thompson (Norman A. Kinnier; Alfred S. Bryant,* on brief), for appellee.

CARRICO, C.J., delivered the opinion of the Court.

This case involves a claim brought by E. W. Yeatts, Inc. (Yeatts), a highway contractor, against the Virginia Department of Highways and Transportation (VDH&T) for additional compensation allegedly due under a contract for certain grading and excavation work performed by Yeatts on a highway project in Campbell County. The trial court awarded Yeatts a judgment

against the VDH&T. We granted an appeal limited to the question whether Yeatts gave the VDH&T sufficient notice of intent to file a claim, as required by the contract and by statute.

In granting the appeal, we also directed the parties to address the question whether this Court or the Court of Appeals has jurisdiction to decide the case. We raised this question because, under Code § 17-116.05(1), the Court of Appeals is given jurisdiction of any case involving a "final decision of a circuit court on appeal from a decision of an administrative agency," and it was our impression that this appeal might involve just such a case. After briefing and argument, we conclude we do not have jurisdiction in the case and must dismiss the appeal.

In resolving the question of jurisdiction, it is necessary to inquire whether VDH&T is an administrative agency and, if so, whether a court challenge to a VDH&T decision is an appeal. In this connection, certain statutory provisions are pertinent.

Under Code § 33.1-386,[1] a highway contractor may file a claim with the VDH&T for the amount alleged to be due under con-

---

[1] § 33.1-386. *Submission of claims; initial investigation and notice of decision; appearance before Commmissioner; further investigation and notice of decision; settlement.* — A. Upon the completion of any contract entered into on or after July 1, 1976, for the construction of any state highway project awarded by the State Highway and Transportation Commission to any contractor, if the contractor fails to receive such settlement as he claims to be entitled to under his contract, he may, within sixty days from the time of payment of his final estimate, submit to the Department of Highways and Transportation, through proper administrative channels as determined by the Department, a written claim for such amount to which he deems himself entitled under the said contract. The claim shall set forth the facts upon which said claim is based, provided that written notice of the contractor's intention to file such claim shall have been given to the Department at the time of the occurrence or beginning of the work upon which the claim and subsequent action is based. Within ninety days from receipt of such claim, the Department shall make an investigation and notify the claimant in writing by registered mail of its decision. The claimant and the Department may, however, mutually extend such ninety-day period for another thirty days.

B. If dissatisfied with the decision, the claimant shall, within thirty days from receipt of the Department's decision, notify the Highway and Transportation Commissioner, in writing, that he desires to appear before him, either in person or through counsel, and present any additional facts and arguments in support of his claim as previously filed.

C. The Commissioner shall schedule such appearance to be held within thirty days of receiving the claimant's written request. The claimant and the Commissioner may, however, mutually agree to schedule such appearance to be held after thirty days but before sixty days from the receipt of the claimant's written request.

D. Within forty-five days from the date of the appearance before him, the Commissioner shall make an investigation of said claim and notify the contractor in writing of his decision. The claimant and the Commissioner may, however, mutually agree to extend such forty-five-day period for another thirty days. If the Commissioner deems that all or any

tract. The VDH&T must notify the contractor of its decision within 90 days after receipt of the claim. If dissatisfied with the decision, the contractor must give notice that he desires to appear before the State Highway Commissioner (the Commissioner) and present additional facts and argument in support of his claim. The Commissioner must schedule a hearing within 30 days of receipt of the notice and must notify the contractor of his decision within 45 days after the hearing.

Under Code § 33.1-387,[2] the contractor is permitted to file an action in the Circuit Court of the City of Richmond, or the circuit court where the project is located, for any portion of the claim denied by the Commissioner. The action is instituted by the filing of a petition, and trial is without a jury. Prior submission of the claim to the VDH&T as prescribed in Code § 33.1-386 is made a condition precedent to bringing the action.

■ With respect to the question whether the VDH&T is an administrative agency within the meaning of Code § 17-116.05(1), we noted in *Va. Beach Beautification Comm.* v. *Bd. of Zoning*, 231 Va. 415, 344 S.E.2d 899 (1986), that "[t]he statutes dealing with the Court of Appeals do not define 'administrative agency.'" *Id.* at 417, 344 S.E.2d at 901. We noted further, however, that in the Administrative Process Act, Code §§ 9-6.14:1 to -6.14:25, "the General Assembly has established a definition of 'agency' applicable to the general field of administrative decisions." *Id.*

---

portion of a claim is valid, he shall have the authority to negotiate a settlement with the contractor, but any such settlement shall be subject to the provisions of § 2.1-127 of this Code.

E. Failure of the Department or the Commissioner to render a decision within the time period specified in paragraphs A and D, or within such other period as has been mutually agreed upon as provided in this section, shall be deemed a denial of the claim. Any mutual agreements for time extension permitted herein shall in no way extend the limitations set out in § 33.1-192.1.

F. This section shall apply to all construction contracts that are entered into subsequent to June 30, 1976. Section 33.1-382 shall continue in full force and effect as to contracts entered into prior to July 1, 1976.

[2] § 33.1-387. *Civil action.* — As to such portion of the claim as is denied by the Highway and Transportation Commissioner, the contractor may institute a civil action for such sum as he claims to be entitled to under said contract by the filing of a petition in the Circuit Court of the City of Richmond or where the highway project which is the subject of the contract is located. Trial shall be by the court without a jury. The submission of the claim to the Department of Highways and Transportation within the time and as set out in § 33.1-386 shall be a condition precedent to bringing an action under this chapter.

■ According to the definition in the Administrative Process Act, the term " '[a]gency' means any authority, instrumentality, officer, board or other unit of the state government empowered by the basic laws to make regulations or decide cases." Code § 9-6.14:4(A) (italics in original). The State Highway Commission, charged with reviewing and approving policies of the VDH&T, Code § 33.1-12(7), is an administrative department of the State, *Southern Railway* v. *Commonwealth*, 159 Va. 779, 786, 167 S.E. 578, 579, *rev'd on other grounds*, 290 U.S. 190 (1933), and, hence, a unit of state government. The Commission is empowered by the basic laws to make regulations concerning, among other things, "traffic on and the use of systems of state highways." Code § 33.1-12(3). The State Highway Commissioner is the chief executive officer of the VDH&T, and, hence, an officer of state government. He is empowered by the basic laws to decide cases. Code § 33.1-386.

Furthermore, the VDH&T has filed its regulations with the State Registrar of Regulations, as required for all agencies defined in the Virginia Register Act. Code §§ 9-6.15 to -6.22. *See* Va. Code, Administrative Law Appendix (1986-87) 96. Significantly, the definition of the term "agency" contained in the Register Act at § 9-6.16 is virtually identical with the definition of the term in the Administrative Process Act.

■ Clearly, therefore, the Administrative Process Act's definition of the term "agency" includes the VDH&T. Indeed, the VDH&T tacitly concedes that it is an administrative agency. It insists, however, that exemptions contained in the Administrative Process Act, combined with this Court's rationale in the *Beautification Comm.* case, make clear that jurisdiction in the present appeal is vested in this Court and not in the Court of Appeals.

The *Beautification Comm.* case involved the question whether a board of zoning appeals is an administrative agency whose decisions, after review by a circuit court, may be appealed only to the Court of Appeals. After borrowing from the Administrative Process Act for a definition of the term "agency" as meaning "any . . . board . . . of the state government," we noted that the Act exempted from its provisions municipal corporations and counties. 231 Va. at 417, 344 S.E.2d at 901. We then said that a board of zoning appeals is not a board of State government but an entity established by either a municipality or a county. *Id.* Consequently, we stated that the General Assembly did not intend to include a

board of zoning appeals within the meaning of the term "administrative agency" in Code § 17-116.05(1). *Id.*

The exemptions relied upon by the VDH&T exclude from the provisions of the Administrative Process Act certain "agency actions," including those relating to damage claims arising from state contracts for the construction of public facilities. Code § 9-6.14:4.1(B)(1), (2), and (3).[3] From these exemptions and the *Beautification Comm.* rationale, the VDH&T argues that when, as here, it reviews construction contract claims under Code § 33.1-386, it is not acting in an agency status and, hence, is not an administrative agency within the meaning of Code § 17-116.05(1) at that time.

█ We disagree with the VDH&T. In borrowing from the Administrative Process Act for a definition of the term "administrative agency," we did not incorporate all the provisions of the Act into Code § 17-116.05(1). We merely cited one of the Act's exemptions to prove the point that a board of zoning appeals is not a board of State government. We could just as well have turned to the Virginia Register Act for a definition of the term "administrative agency" and avoided the implication that we are bound by all the provisions of the Administrative Process Act in construing Code § 17-116.05(1).

In examining both the definition and the exemptions in the Administrative Process Act, we were searching for legislative intent. Superimposing all the Act's provisions upon Code § 17-116.05(1) might well tend to thwart that search and produce absurd results, an eventuality we should seek to avoid.

For example, to say that the VDH&T acts in an agency status in some cases but not in others would produce the result that some VDH&T decisions would be appealed to this Court and others to the Court of Appeals. In every case, counsel would be put at risk trying to decide in which court his particular appeal might lie.

---

[3] § 9-6.14:4.1. *Exemptions and exclusions.*—A . . . .

B. Agency action relating to the following subjects is exempted from the provisions of this chapter:

1. Money or damage claims against the Commonwealth or agencies thereof.

2. The award or denial of state contracts, as well as decisions regarding compliance therewith.

3. The location, design, specifications or construction of public buildings or other facilities.

■ We are confident the General Assembly did not intend this sort of confusion, and we think the application of a test enunciated in *Beautification Comm.* will serve to give effect to the true legislative intent. There, analyzing Code § 17-116.05(1), we said:

> Significantly, the statute focuses on the nature of the entity making the decision rather than the substance of the decision itself. That is, the statute deals with a decision made by an administrative agency and not with an administrative decision made by some entity that is not purely an administrative agency.

231 Va. at 417, 344 S.E.2d at 901. Application of the test to this case demonstrates clearly that the VDH&T is an administrative agency occupying an agency status even when deciding construction contract claims under Code § 33.1-386.

This brings us to the question whether the civil action permitted by Code § 33.1-387 is an appeal within the meaning of Code § 17-116.05(1). The VDH&T argues that what is permitted is not an appeal but an independent action which is tried de novo in the appropriate circuit court.

■ The VDH&T submits that our decision on this point is controlled by *Allstar Towing, Inc.* v. *City of Alexandria*, 231 Va. 421, 344 S.E.2d 903 (1986). There, we said that an independent action filed to protest the administrative award of a contract is not an appeal from an administrative agency within the meaning of Code § 17-116.05(1). Consequently, we held that this Court and not the Court of Appeals had jurisdiction over an appeal from the judgment in the independent action.

Substantial differences in available statutory remedies distinguish *Allstar*. There, we pointed out that "Code § 11-66 permits a bidder to protest the decision to award a contract by invoking administrative procedures under Code § 11-71 *'or in the alternative* by instituting legal action as provided in § 11-70.'" 231 Va. at 424, 344 S.E.2d at 905 (emphasis added). Section 11-70, we said, "permits the bidder to bring an action at law in the appropriate circuit court challenging the decision by the public body." *Id*. We noted that the bidder had brought the action under § 11-70 "and not under the administrative appeals procedure authorized by § 11-71" and, hence, we held that appellate jurisdiction lay with this Court. *Id*.

■ Here, Yeatts had no alternative but to pursue the administrative procedures authorized by Code § 33.1-386, and the submission of its claim in the time and manner prescribed by that Code section was a condition precedent to the right to file a civil action under § 33.1-387. In other words, Yeatts' right to bring a civil action was dependent upon having first invoked administrative procedures. Hence, the action permitted by § 33.1-387 is dependent and not independent.

■ Admittedly, "appeal" and "civil action" ordinarily are not considered synonymous terms. Divining legislative intent, however, is not a contest of labels but an exercise in common sense interpretation of statutory language. Considering the administrative context in which both terms are used in the statutes in question, we think the § 33.1-387 civil action is, in legislative intendment, a § 17-116.05(1) appeal.

■ Because this case involves a "final decision of a circuit court on appeal from a decision of an administrative agency," Code § 17-116.05(1), the Court of Appeals has jurisdiction, and we do not. Accordingly, as previously indicated, we must dismiss this appeal.[4]

*Appeal dismissed.*

---

[4] In oral argument, the VDH&T asked, in the event we decide we do not have jurisdiction, that we remand the case to the Court of Appeals. We know of no authority, however, which would permit us to take the action the VDH&T requests.