# CIRCUIT COURT OF LOUDOUN COUNTY

CMF Loudoun, L.P.

v.

Sidney J. Brown et al.

## Case No. (Chancery) 16425

By Judge Thomas D. Horne

## February 7, 1996

This case is before the Court on the motion for partial summary judgment and demurrer filed by the CMF Loudoun, L.P. CMF has instituted the instant proceeding to dismiss an amended lis pendens filed by Nattchase Associates Limited Partnership against property owned by CMF in Loudoun County. Section 8.01-269, Code of Virginia. In addition, CMF has requested sanctions be imposed against Nattchase and the other defendants for having filed the amended lis pendens. Nattchase has filed a cross-bill in which they ask for damages and request equitable relief from a prior foreclosure instituted by CMF as noteholder under a purchase money deed of trust. It is, among other things, suggested by Nattchase that CMF acquired the note from the Resolution Trust Company through an unlawful bidding process.

In a prior case filed in the Federal District Court for the Eastern District of Virginia, Nattchase, after having defaulted on the note, sought to enjoin foreclosure by the substitute trustee. CMF was, among others, a party to the suit to enjoin foreclosure. Nattchase predicated relief in the suit for an injunction on the bidding process utilized by the Resolution Trust Company and by which CMF was able to acquire the note. Although the factual predicate for recovery was identical to the instant action, the theory of recovery was different. In the former action, Nattchase relied upon unjust enrichment in seeking relief from foreclosure. The instant cross-bill seeks to have this court declare that the sealed bid sale of the note violated the

constitutional rights of Nattchase and exceeded the statutory authority of the RTC and that CMF knew or should have known of the alleged fraud and breaches of contract and implied warranty inflicted upon Nattchase in connection with their acquisition of the property.

Cross-complaints suggest that they are entitled: (1) to have their note and deed of trust declared null and void, (2) to have the foreclosure sale set aside, (3) to have CMF's claimed title removed as a cloud on title, (4) to have CMF's possession of the property enjoined, and (5) to recover damages for waste, mesne profits, diminution of value, and fraud.

The Court agrees with the position of the complaints/cross-defendants that the claims of Nattchase are demurrable. Counts one through four fail to state a cause of action against CMF. The relief sought in the remaining counts is barred by the doctrine of *res judicata*. Accordingly, the demurrers will be sustained and the cross-bill dismissed.

The Supreme Court of Virginia has identified the four elements of *res judicata* as: (1) identity of the remedies sought, (2) identity of the cause of action, (3) identity of the parties, and (4) identity of the persons for or against whom the claim is made. *Wright* v. *Castles*, 232 Va. 218, 222 (1986) (citation omitted). In the former litigation before the federal district court, Nattchase sought to attack the bidding process used by the RTC and set aside the purchase of the note by CMF. In the instant case, Nattchase, as to the claim against CMF, seeks the identical remedy as in the preceding action, that is, to set aside the purchase of the note which served as the basis of the foreclosure by the trustee and subsequent acquisition of the property by CMF.

The same cause of action is present in both cases, that is, "an assertion of particular legal rights which have arisen out of a definable factual transaction" is the basis for the relief sought in each case. *Allstar Towing, Inc. v. City of Alexandria*, 231 Va. 421, 425 (1986) (citation omitted). There is no question but that there is identity of parties as between CMF and Nattchase in the present and former litigation.

Partial summary judgment should be granted in favor of CMF as to that portion of the bill requesting removal of the lien. CMF is not party to the action brought by Nattchase in the District of Columbia, nor is the property which is the subject of that action located in the District. The award of partial summary judgment, while removing the lis pendens, is not dispositive of any damage claims pending in the District nor of the request for sanctions.

July 25, 1996

Counsel for the complainant has requested that the court sanction the defendants for having wrongfully filed a lis pendens against land owned by it in Loudoun County. Sections 8.01-269, 8.01-271.1, Code of Virginia. On February 7, 1996, the Court, in a letter opinion to the parties, concluded that the complainant was entitled to partial summary judgment in its favor and that the lien of the lis pendens should be removed. A finding with respect to complainant's request for sanctions was deferred. By decree of this Court entered on March 22, 1996, the amended lis pendens and amended notice of lis pendens filed by Nattchase Associates Limited Partnership through its general partner, Sidney J. Brown, were ordered dismissed and released.

Complainant suggests that the lis pendens was filed maliciously and for an improper purpose. In support of its argument that the lis pendens was filed for such an improper purpose, CMF Loudoun introduced various documents which they have argued evidence a plan to discredit CMF.

A memorandum of lis pendens may not be filed, "unless the action on which the lis pendens is based seeks to establish an interest by the filing party in real property described in the memorandum." Section 8.01-268, Code of Virginia. It is axiomatic that in order to establish such an interest in the property, the party pursuing an action seeking to establish such an interest obtain jurisdiction over persons who might assert an interest in the property or the property itself. *French* v. *Successors of the Loyal Co.*, 32 Va. (5 Leigh) 627 (1834).

As counsel for the complainant has observed, and the Court has previously determined, there is no statute or case law which would permit the filing of a lis pendens based upon a cause of action that does not assert jurisdiction over the person or the land. The filing of a lis pendens under the circumstances of this case is sanctionable. Parties and their counsel are admonished that:

> [t]he signature of an attorney or party constitutes a certificate by him that (i) he has read the pleading, motion, or other paper, (ii) to the best of his knowledge, information and belief, formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and (iii) it is not interposed for any improper purpose, such as to harass or to

cause unnecessary delay or needless increase in the cost of litigation. Section 8.01-271.1, Code of Virginia.

Absent jurisdiction of the person or the land, the party filing the lis pendens would have no chance of success in pursuit of the action upon which the lis pendens was based. Such party may be sanctioned. *Tullidge* v. *Board of Supervisors of Augusta County*, 239 Va. 611, 614 (1990). CMF Loudoun, L.P., the present owner of the Loudoun County property and petitioner herein, is not a party to the action brought by defendant, Nattchase, in the District of Columbia. It is this action upon which the lis pendens is based.

The Court will order, that as a sanction in this case, the defendants pay to the complainant the sum of $2,000.00 towards their counsel fees and costs expended in pursuit of the instant action.