COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Alston and Senior Judge Clements
Argued at Richmond, Virginia


FESTUS BRIAN FOLTZ, JR.
                                                    OPINION BY
v.      Record No. 0241-09-2          JUDGE JEAN HARRISON CLEMENTS
                                                  NOVEMBER 17, 2009
DEPARTMENT OF STATE POLICE


              FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                                T. J. Markow, Judge

              Nadir N. Tawil (Nadir N. Tawil, P.C., on briefs), for appellant.

              J. Robert Bryden, II, Assistant Attorney General (William C. Mims,
              Attorney General; Shannon Y. Dion, Assistant Attorney General, on
              brief), for appellee.


        Festus Brian Foltz, Jr. ("Foltz") brought a declaratory judgment action pursuant to Code

§§ 18.2-308.2:2(E) and 9.1-135 seeking a ruling that his prior conviction for assault and battery

pursuant to Code § 18.2-57.2 against his wife did not render him ineligible to purchase a firearm

under federal law.  The Department of State Police ("DSP") demurred, and the trial court

sustained the demurrer and dismissed Foltz's action.

        On appeal, Foltz maintains the trial court erred in concluding that his prior conviction

was a "misdemeanor conviction of domestic violence" ("MCDV") under 18 U.S.C. § 922(g)(9).

Because we conclude that Foltz's declaratory judgment action was a civil action over which we

have no subject matter jurisdiction, we transfer the appeal to the Supreme Court of Virginia.

                                        BACKGROUND

        On April 4, 2008, DSP wrote a letter to Foltz's counsel in response to a request for an

opinion regarding whether Foltz's misdemeanor conviction for assault and battery pursuant to

Code § 18.2-57.2 against his wife precluded him from purchasing a firearm under federal law. DSP concluded that Foltz's conviction rendered him ineligible from possessing a firearm under the amended Gun Control Act of 1968, 18 U.S.C. § 922(g)(9), because he had been convicted of a MCDV.

On April 21, 2008, Foltz filed an action in circuit court pursuant to Code §§ 18.2-308.2:2(E) and 9.1-135 against DSP seeking a declaratory judgment that his assault and battery conviction did not constitute a MCDV under § 18 U.S.C. 922(g)(9).[1] DSP demurred on two grounds. First, it asserted Foltz's action was barred by sovereign immunity. Second, it maintained that Foltz's conviction constituted a MCDV as a matter of law.

Without addressing the sovereign immunity argument, the trial court ruled that Foltz had been convicted of an offense which involved "the use or attempted use of physical force" and, therefore, that offense was a "MCDV" as defined by 18 U.S.C. § 921(a)(33)(A)(ii).[2]

---

[1] That section provides that "[i]t shall be unlawful for any person . . . (9) who has been convicted in any court of a misdemeanor crime of domestic violence, . . . to . . . possess . . . any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce."

[2] That section provides in pertinent part as follows:

§ 921. Definitions

(a) As used in this chapter [18 USCS §§ 921 et seq.]—

* * * * * * *

(33) (A) Except as provided in subparagraph (C), the term "misdemeanor crime of domestic violence" means an offense that--

(i) is a misdemeanor under Federal, State, or Tribal law; and

(ii) has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse,

Accordingly, the trial court sustained the demurrer and dismissed Foltz's action. This appeal followed.

ANALYSIS

On appeal, DSP argues that Foltz's declaratory judgment action, filed pursuant to Code §§ 18.2-308.2:2(E) and 9.1-135, was a civil action under Code § 9.1-135 rather than an appeal of an administrative agency decision, thereby vesting appellate jurisdiction with the Supreme Court of Virginia. However, Foltz characterizes his declaratory judgment action as an appeal to circuit court from a decision of an administrative agency and, therefore, he contends we possess jurisdiction to review the trial court's decision. We agree with DSP.

Without statutory authority conferring subject matter jurisdiction upon the Court of Appeals, we lack authority to review an appeal. Lewis v. Lewis, 271 Va. 520, 524, 628 S.E.2d 314, 316-17 (2006). See also Canova Elec. Contracting, Inc. v. LMI Ins. Co., 22 Va. App. 595, 599, 471 S.E.2d 827, 829 (1996) ("The Court of Appeals of Virginia is a court of limited jurisdiction."). The Court of Appeals of Virginia has subject matter jurisdiction over "[a]ny final decision of a circuit court on appeal from . . . a decision of an administrative agency[.]" Code § 17.1-405(1)(i).

Code § 18.2-308.2:2(E) provides as follows:

> If any buyer or transferee is denied the right to purchase a firearm under this section,[3] he may exercise his right of access to and

---

parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim.

[3] A prospective purchaser's eligibility to purchase a firearm under federal law is captured by this "section" because DSP is empowered to interpret federal gun laws through Code § 18.2-308.2:2(B)(1). Code § 18.2-308.2:2(B)(1) states in pertinent part as follows:

> Upon receipt of the request for a criminal history record information check, the State Police shall (1) review its criminal history record information to determine if the buyer or transferee is *prohibited from possessing or transporting a firearm by state or*

review and correction of criminal history record information under § 9.1-132 or *institute a civil action as provided in § 9.1-135*, provided any such action is initiated within 30 days of such denial.

(Emphasis and footnote added.)

While the remedy for errors in a purchaser's criminal record is an administrative hearing before the Criminal Justice Services Board and an appeal via the Virginia Administrative Process Act (VAPA), see Code § 9.1-132(C) and (E),[4] the remedy for the denial of an application is "a civil action" pursuant to Code § 9.1-135.

---

*federal law*, (2) inform the dealer if its record indicates that the buyer or transferee is so prohibited, and (3) provide the dealer with a unique reference number for that inquiry.

(Emphasis added.) Likewise, with respect to completed sales, DSP is empowered to review both state and federal law under Code § 18.2-308.2:2(B)(4).

[4] Code § 9.1-132 provides in pertinent part as follows:

A. Any individual who believes that criminal history record information is being maintained about him by the Central Criminal Records Exchange (the "Exchange"), or by the arresting law-enforcement agency in the case of offenses not required to be reported to the Exchange, shall have the right to inspect a copy of his criminal history record information at the Exchange or the arresting law-enforcement agency, respectively, for the purpose of ascertaining the completeness and accuracy of the information. The individual's right to access and review shall not extend to any information or data other than that defined in § 9.1-101.

B. The Board shall adopt regulations with respect to an individual's right to access and review criminal history record information about himself reported to the Exchange or, if not reported to the Exchange, maintained by the arresting law-enforcement agency. The regulations shall provide for (i) public notice of the right of access; (ii) access to criminal history record information by an individual or an attorney-at-law acting for an individual; (iii) the submission of identification; (iv) the places and times for review; (v) review of Virginia records by individuals located in other states; (vi) assistance in understanding the record; (vii) obtaining a copy for purposes of initiating a challenge to the record; (viii) procedures for investigation of alleged incompleteness or inaccuracy;

Code § 9.1-135 provides as follows:

> Civil remedies for violation of this chapter[5] or Chapter 23 of Title 19.2

_____

> (ix) completion or correction of records if indicated; and (x) notification of the individuals and agencies to whom an inaccurate or incomplete record has been disseminated.
>
> C. If an individual believes information maintained about him is inaccurate or incomplete, he may request the agency having custody or control of the records to purge, modify, or supplement them. Should the agency decline to so act, or should the individual believe the agency's decision to be otherwise unsatisfactory, the individual may make written request for review by the Board. The Board or its designee shall, in each case in which it finds prima facie basis for a complaint, conduct a hearing at which the individual may appear with counsel, present evidence, and examine and cross-examine witnesses. The Board shall issue written findings and conclusions. Should the record in question be found to be inaccurate or incomplete, the criminal justice agency maintaining the information shall purge, modify, or supplement it in accordance with the findings and conclusions of the Board. Notification of purging, modification, or supplementation of criminal history record information shall be promptly made by the criminal justice agency maintaining the previously inaccurate information to any individuals or agencies to which the information in question was communicated, as well as to the individual who is the subject of the records.
>
> D. Criminal justice agencies shall maintain records of all agencies to whom criminal history record information has been disseminated, the date upon which the information was disseminated, and such other record matter for the number of years required by regulations of the Board.
>
> E. Any individual or agency aggrieved by any order or decision of the Board may appeal the order or decision in accordance with the Administrative Process Act (§ 2.2-4000 et seq.).

[5] This "chapter" is Chapter 1 of Title 9.1. Chapter 1 pertains to the Department of Criminal Justice Services. The only reference to DSP in Chapter 1 is in Code § 9.1-127(C), which states in pertinent part that DSP "shall be the control terminal agency for the Commonwealth and perform all functions required of a control terminal agency by the regulations of the National Crime Information Center." That section also places DSP in charge of the Central Criminal Records Exchange.

A. Any person may institute a civil action in the circuit court of the jurisdiction in which the Board [Criminal Justice Services Board] has its administrative headquarters, or in the jurisdiction in which any violation is alleged to have occurred:

 1. For actual damages resulting from violation of this article or to restrain any such violation, or both.

 2. To obtain appropriate equitable relief against any person who has engaged, is engaged, or is about to engage in any acts or practices in violation of Chapter 23 (§ 19.2-387 et seq.)[6] of Title 19.2, this chapter or rules or regulations of the Board.

 B. This section shall not be construed as a waiver of the defense of sovereign immunity.

(Footnotes added.)

In XL Specialty Ins. Co. v. Commonwealth, 269 Va. 362, 611 S.E.2d 356 (2005), the surety on performance bonds, XL, originally appealed to this Court after the trial court ruled that sovereign immunity barred XL's breach of contract claims against the Virginia Department of Transportation (VDOT). Because "XL's ability to file its civil actions against VDOT required compliance with the administrative provisions for claims resolution[,]" the Supreme Court of Virginia reasoned that XL's actions were "appeals from a final decision of a circuit court 'on appeal from . . . a decision of an administrative agency.'" Id. at 366, 611 S.E.2d at 358.

> In Commonwealth v. E.W. Yeatts, Inc., 233 Va. 17, 353 S.E.2d 717 (1987), we concluded that an appeal from a circuit court judgment against VDOT awarding a highway contractor additional compensation under a construction contract was within the jurisdiction of the Court of Appeals. [Id.] at 24, 353 S.E.2d at 721. This conclusion was based on the holdings that VDOT is an administrative agency and that the contractor's right to file the civil action under Code § 33.1-387 was dependent upon invoking the administrative review procedures of Code § 33.1-386. Id. at 22-24, 353 S.E.2d at 720-21. Compare Allstar Towing, Inc. v. City of Alexandria, 231 Va. 421, 423-24, 344 S.E.2d 903, 905 (1986) (*where governing statutes make instituting a separate legal action an alternative to invoking administrative procedures, appeal of*

---

[6] Pursuant to Code § 19.2-387 et seq., DSP is charged with certain duties with respect to the Central Criminal Records Exchange.

> *such a court action is not appeal from the decision of an administrative agency*).

Id. at 367, 611 S.E.2d at 359 (emphasis added). See also E.W. Yeatts, Inc., 233 Va. at 20, 353 S.E.2d at 719 (when "right to bring civil action [i]s dependent upon having first invoked administrative procedures[,]" appeal of civil action is an appeal of an administrative agency's decision for jurisdictional purposes).

Here, neither Code § 18.2-308.2:2(E) nor Code § 9.1-135 requires that a complaining party pursue administrative remedies prior to filing a civil action following an adverse decision regarding his eligibility to purchase a firearm. On the contrary, while the General Assembly clearly contemplated administrative remedies with respect to certain violations of Code § 18.2-308.2:2(E), it expressly provided a civil action under Code § 9.1-135 to individuals having been determined to be ineligible to purchase a firearm. "[W]here governing statutes make instituting a separate legal action an alternative to invoking administrative procedures, appeal of such a court action is not [an] appeal from the decision of an administrative agency." XL Specialty Ins. Co., 269 Va. at 367, 611 S.E.2d at 359 (explaining Allstar Towing, 231 Va. at 423-24, 344 S.E.2d at 905).

"'The plain, obvious, and rational meaning of a statute is always preferred to any curious, narrow or strained construction[.]'" Newton v. Commonwealth, 21 Va. App. 86, 89, 462 S.E.2d 117, 119 (1995) (quoting Branch v. Commonwealth, 14 Va. App. 836, 839, 419 S.E.2d 422, 424 (1992)). Giving effect to the plain language of Code § 9.1-135, we conclude that the declaratory judgment action brought by Foltz was a civil action rather than an appeal of a decision by an administrative agency. Cf. 19 VAC § 30-100-90 (applicant denied permit for multiple weapons purchase may appeal decision to Superintendent of State Police).

Because this case does not involve a "final decision of a circuit court from a decision of an administrative agency," Code § 17.1-405, this Court lacks subject matter jurisdiction.

Accordingly, we transfer the appeal to the Supreme Court of Virginia pursuant to Code § 8.01-677.1.

Transferred.