# CIRCUIT COURT OF THE CITY OF CHESAPEAKE

William B. Coleman
and Angela Y. Coleman

     v.

Josephine Pascarella,
Peter McCoy,
and A. J. Harper Properties, L.L.C.

September 9, 2010

Case No. CL06-2566

By Judge John W. Brown

    This day came the Defendants Josephine Pascarella, Peter McCoy, and A. J. Harper Properties, L.L.C., by counsel and moved the Court to grant their plea in bar on grounds that Plaintiffs' fraud counts are barred by the doctrine of res judicata.

    For reasons set forth below and on the record in these cases, the Court makes the following decisions.

### I. *Applicability of Post-2006 Res Judicata:*
### *Rule 1:6*

    Defendants argue that the Plaintiffs' claims are barred by res judicata, citing as authority Supreme Court Rule 1:6. However, for the reasons set forth below, Rule 1:6 is not applicable to the case at bar.

## A. *Enactment of Rule 1:6*

In 2006, the Supreme Court of Virginia changed the doctrine of res judicata, implementing a transactional approach in Rule 1:6, which prohibits a plaintiff from:

> prosecuting any second or subsequent civil action against the same opposing party or parties on any claim or cause of action that arises from the same conduct, transaction, or occurrence, whether or not the legal theory or rights asserted in the second or subsequent action were raised in the prior lawsuit, and regardless of the legal elements or the evidence upon which any claims in the prior proceeding depended, or the particular remedies sought.

Under the transactional approach of Rule 1:6, Plaintiffs' present claims would clearly be barred by the final judgment in the previous action, Case No. CH05-1136, as both claims arose from the same "conduct, transaction, or occurrence" regarding the parties named as defendants in both suits. Peter McCoy was not a defendant in the prior chancery action.

## B. *Is Rule 1:6 Apposite?*

The transactional principle of Rule 1:6 does not apply here, as the original action at issue was filed before July 1, 2006, with final judgment on the merits entered by the Supreme Court of Virginia on May 8, 2008. *See* Va. S. Ct. R. 1:6(b) ("This rule shall apply to all Virginia *judgments entered in civil actions commenced after July 1, 2006.*") (emphasis added). However, the second action at issue was filed September 20, 2006. There are no reported Virginia decisions addressing such a situation where the two actions straddle the Rule 1:6 effective date of July 1, 2006.

Nevertheless, an answer may be gleaned from the language of the rule and the doctrine of res judicata itself. A final judgment on the merits is an absolute prerequisite for a claim of res judicata. *E.g., Steinman v. Clinchfield Coal Corp.*, 121 Va. 611, 619, 93 S.E. 684, 687 (1917) (citations omitted). Subsequent actions are barred under Rule 1:6 only due to entry of the prior final judgment itself. There can never be a final judgment in the second action if a defense of res judicata is raised, because this subsequent action would be dismissed before the final judgment stage of decision, as the judgment in the first action is res judicata.

The express terms of Rule 1:6 illustrate the above reasoning, providing that a party whose claim for relief is "decided on the merits by a final judgment, shall be forever barred from prosecuting any second or subsequent civil action. . . ." Because subsequent claims are barred on the

basis of prior final judgments, the "judgments entered" to which the rule's effective date refers are the final judgments in the original actions.

Thus, for a claim to be barred by res judicata under Rule 1:6, both the original action yielding final judgment and the subsequent action must have been filed after July 1, 2006. Because the first action at issue here was commenced in chancery on November 18, 2005, Rule 1:6 does not apply, and the issue of res judicata must be decided under common law.

## II. *Common Law Res Judicata*

The pre-Rule 1:6 res judicata inquiry is set forth by the Supreme Court of Virginia in four parts as follows:

> We have consistently held that a litigant who seeks to bar a claim based upon the defense of res judicata must establish four elements: identity of the remedy sought; identity of the cause of action; identity of the parties; and identity of the quality of the persons for or against whom the claim is made.

*Davis v. Marshall Homes, Inc.*, 265 Va. 159, 164, 576 S.E.2d 504, 506 (2003).

The common law res judicata doctrine of *Davis* was superseded by Rule 1:6; however, the case and its predecessors are still applicable here, as discussed *supra*. Therefore, the relevant common law test for res judicata is one of "same-evidence-same-remedy," not the now-familiar inquiry of "same conduct, transaction, or occurrence" under Rule 1:6. *Cf. Martin Bangura, Commonwealth Dep't of Mental Health*, 640 F. Supp. 2d 729, 741 (E.D. Va. 2009).

The party asserting res judicata as a defense bears the burden of proof and must demonstrate by a preponderance of the evidence that the prior judgment bars the current claim. *Davis*, 265 Va. at 165, 576 S.E.2d at 506 (citing *Scales v. Lewis*, 261 Va. 379, 383, 541 S.E.2d 899, 901 (2001)).

As Defendants' plea in bar focuses on the second res judicata element, as set forth in *Davis*; it is addressed in detail below. Because the failure of a defendant to establish *any* of the four elements is dispositive under the common law, the Court does not undertake analysis of the remaining three *Davis* elements.

## A. *Identity of the Cause of Action: Comparison of Fraud with the Previous Complaint*

In the prior chancery action under consideration, Plaintiffs alleged breach of contract (CH Compl. ¶ 19–22) and unjust enrichment (*Id.* ¶ 23–

27), and sought injunctive relief. (*Id.* ¶ 28–32). The Plaintiffs now allege actual fraud (*Id.* ¶ 39–44), constructive fraud (*Id.* ¶ 45–50), and common law conspiracy (*Id.* ¶ 51–53).

A cause of action is "an assertion of particular legal rights which have arisen out of a definable factual transaction." *Allstar Towing, Inc. v. City of Alexandria*, 231 Va. 421, 425, 344 S.E.2d 903, 906 (1986). It is important to note that *Allstar Towing* "did not adopt a transactional analysis test"; however, the *Davis* Court did apply a separate "same definable factual transaction" res judicata analysis, as an additional ground on which to solidify its holding. *See Davis*, 265 Va. at 171–72, 576 S.E.2d at 510.

Such an analysis, which this Court does not fully undertake, may be satisfied in the instant case. The fraud counts at law allege false statements of fact material to the plaintiff's decision to purchase. (CL Compl. ¶ 39–44.) The expressly pleaded chancery claims, on the other hand, alleged failure to make mortgage payments in accordance with the contract. (CH Compl. ¶ 19–27.) Any surplus allegations somewhat supportive of fraud in the chancery bill were unnecessary to the express pleadings. Such separation appears to comport with the Supreme Court's analysis in any event. *See Davis*, 265 Va. at 171–72, 576 S.E.2d at 510.

To establish a cause of action for actual fraud, a party must demonstrate by clear and convincing evidence: "(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled." *Prospect Dev. Co. v. Bershader*, 258 Va. 75, 85, 515 S.E.2d 291, 297 (1999) (quoting *Bryant v. Peckinpaugh*, 241 Va. 172, 175, 400 S.E.2d 201, 203 (1991)).

Constructive fraud requires "a showing by clear and convincing evidence that a false representation of a material fact was made innocently or negligently, and the injured party was damaged as a result of his reliance upon the misrepresentation." *Id.* at 86, 515 S.E.2d at 297 (quoting *Blair Constr., Inc. v. Weatherford*, 253 Va. 343, 346–47, 485 S.E.2d 137, 138–39 (1997)) (citations omitted).

Under Virginia law, fraud must be specifically pleaded. *E.g., Potts v. Mathieson Alkali Works*, 165 Va. 196, 220, 181 S.E. 521, 530 (1935) ("Fraud, when it is to be relied upon, must be expressly and clearly charged. It cannot be the subject of trial until it is brought in issue by the pleadings.") (citation omitted). This specificity requirement logically applies to both actual and constructive fraud.

In the Bill of Complaint, there are no specific allegations of fraudulent false representation or intent to mislead, but such allegations are generally present. (*See* CH Compl. ¶ 10) ("At all material times, Respondents knew that this agreement was not legally valid, and they never intended to negotiate with First Horizon on their behalf for the release of the mortgage obligations.").

Despite these general allegations, the trial court ruled that there was no fraud claim pleaded in the Complaint and thus denied fraud, in any form, as a count. (CH Trial Tr. Vol. 1, 9:22–25, Sept. 11, 2006.) Interestingly, at the time, Plaintiffs alleged that ¶ 10 of the Complaint, among others, was sufficient to allow fraud as a count. (*Id.* 5:2–9:18.) The trial court's ruling comports with long-settled Virginia law; fraud must be specifically pleaded. *See, e.g., Potts*, 165 Va. at 220, 181 S.E. at 530.

B. *Was Fraud Previously Alleged?: A Court Cannot Grant Relief Based Upon What is Not Pleaded in the Pleadings*

The typical common law res judicata analysis is bolstered by the well-settled Virginia principle that relief cannot be granted upon grounds not pleaded. While the Eastern District of Virginia rejected such analysis in *Martin-Bangura*, it did so in rendering a decision properly based on Rule 1:6. *See Martin-Bangura*, 640 F. Supp. 2d at 741. This Court, on the other hand, is not constrained by Rule 1:6 and finds *Jenkins* and its brethren supportive of the basic common law principles denying a defense of res judicata in this case. "[A] court is not permitted to enter a decree or judgment order based on facts not alleged or on a right not pleaded and claimed." *Jenkins v. Bay House Assocs., L.P.*, 266 Va. 39, 43, 581 S.E.2d 510, 512 (2003) (citations omitted); *see also Virginia Nat'l Gas Co. v. Hamilton*, 249 Va. 449, 454, 457 S.E.2d 17, 20–21 (1995) (holding that the trial court erred in granting relief upon a theory not pleaded); *Ted Lansing Supply Co. v. Royal Aluminum & Constr. Corp.*, 221 Va. 1139, 1141, 277 S.E.2d 228, 229 (1981).

Final judgment in the chancery action was granted upon the Plaintiffs' first count, breach of contract (CH Compl. ¶ 19–22); the trial court explicitly denied fraud, in any form, as a count, as it was not specifically pleaded. (CH Trial Tr. Vol. 1, 9:22–25, Sept. 11, 2006.)

In sum, because Plaintiffs did not expressly plead fraud in the prior chancery suit, the judgment entered could not be based on a nonexistent fraud count, further demonstrating that the prior final judgment is not res judicata barring the instant fraud counts.

C. *Does the Second Suit Constitute Claim Splitting?*

An additional common law res judicata inquiry examines whether a party impermissibly divided a cause of action. Thus, while fraud was not specifically pleaded in the previous case, it is prudent to examine the pleadings and record to determine whether its elements were necessary as a "part thereof" of another cause of action. *See Bates v. Devers*, 214 Va. 667, 670–71, 202 S.E.2d 917, 920–21 (1974) ("A valid, personal judgment on the merits in favor of defendant bars relitigation of the *same cause of action*, or any part thereof which could have been litigated, between the same parties

and their privies.") (citing Restatement of Judgments §§ 47, 62, 83 (1942)). "[C]ould have been litigated" refers to claim splitting, discussed *infra. E.g., Brown v. Haley*, 233 Va. 210, 215–16, 355 S.E.2d 563, 566–67 (1987). Effectively, this is an inquiry as to whether the plaintiffs in this case split their claims, "bringing successive suits on the same cause of action, where each suit addresses only a part of the claim." *Davis*, 265 Va. at 164, 576 S.E.2d at 506 (quoting *Bill Greever Corp. v. Tazewell Nat'l Bank*, 256 Va. 250, 254, 504 S.E.2d 854, 856–57 (1998) (citing *Jones v. Morris Plan Bank of Portsmouth*, 168 Va. 284, 291, 191 S.E. 608, 610 (1937))).

As discussed *supra*, Plaintiffs did make some general allegations supportive of actual and constructive fraud in the Complaint. However, it is important to differentiate these general claims and a subsequent explicit pleading of fraud from a true instance of "claim splitting."

*Davis* examined a similar set of successive pleadings involving fraud and breach of contract; in that case, fraud was alleged before breach of contract, whereas in the instant matter, the order is reversed. *See Davis*, 265 Va. at 166, 576 S.E.2d at 507. To determine whether the *Davis* plaintiff split her cause of action, the Supreme Court of Virginia applied the same evidence test. *Id.* ("[T]he test to determine whether claims are part of a single cause of action is whether the same evidence is necessary to prove each claim." (quoting *Haley*, 233 Va. at 216, 355 S.E.2d at 567 (1987))). Holding that the claims were not equivalent under the same evidence test, the *Davis* Court noted that most of the evidence required for proof of a fraud action would be inadmissible in the plaintiff's breach of contract action due to a lack of relevance. *Id.* at 166, 576 S.E.2d at 507.

Correspondingly, the instant plaintiffs have alleged separate causes of action in breach of contract and fraud; there is no "identity of facts necessary to prove each claim." *Davis*, 265 Va. at 168, 576 S.E.2d at 508 (quoting *Haley*, 233 Va. at 215–17, 355 S.E.2d at 567). Fraud requires, *inter alia*, allegations of false representation and intent to mislead,[1] elements which are not present in an action for breach of contract. A breach of contract action requires "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Sunrise Continuing Care, L.L.C. v. Wright*, 277 Va. 148, 154, 671 S.E.2d 132, 135 (quoting *Filak v. George*, 267 Va. 612, 619, 594 S.E.2d 610, 614 (2004)). Furthermore, proof of damages resulting from a plaintiff's reliance in a fraud action and the damages resulting from a defendant's breach in a contract action often require altogether different evidence. *See, e.g., id.* at 167, 576 S.E.2d at 507. "[T]he right to enforce a contract is a separate and

---

[1]    Intent to mislead is only required for actual fraud, but a false representation is required for both actual and constructive fraud. *See Bershader*, 258 Va. at 85, 515 S.E.2d at 297.

distinct particular legal right from the right to enforce an action for fraud." *Id*. at 172, 576 S.E.2d at 510.

In sum, because Plaintiffs did not specifically plead fraud in the prior chancery action and the same evidence test demonstrates that the causes of action are separate, the earlier chancery judgment is not res judicata as to the fraud claims of the present action at law.

## III. *Conclusion*

Because the Bill of Complaint was filed before July 1, 2006, Rule 1:6 does not apply; common law provides the proper res judicata rubric for analyzing the chancery and law actions at issue.

Principles of construction and application of the well-settled common law dictate that the prior final judgment on Count I: Breach of Contract is not res judicata as to the present fraud counts.

Defendants have failed to demonstrate that the prior judgment bars the instant claim; the plea in bar on grounds of res judicata is denied.