**VIRGINIA:**

In the Supreme Court of Virginia held at the Supreme Court Building in the City of Richmond, on Friday, the 26th day of June, 2015.

Kristin L. Burns,                                                    Petitioner,

 against          Record No. 150621

Kenneth W. Sullivan,                                            Respondent.


Upon a Petition Under Code § 8.01-626

Kristin L. Burns asserts in her petition for review, pursuant to Code § 8.01-626, that the Court of Appeals erred in dismissing her injunction appeal as untimely.  We agree and reverse the judgment of the Court of Appeals, remanding for further proceedings on the merits.

By order dated December 29, 2014, the Fairfax County Circuit Court enjoined Burns from pursuing further action in this matter concerning the care and custody of her children until after she completed certain mental and parental fitness evaluations.  By order dated March 25, 2015, the circuit court denied Burns' motion for leave to file documents in this matter for the reasons stated in the December 29, 2014 order.

Burns filed with the Court of Appeals a petition for review of the circuit court's March 25, 2015 order under Code § 8.01-626.  Specifically, on April 9, 2015 - the fifteenth day after entry of the order - Burns delivered the petition to a commercial carrier, expense pre-paid, for next-day delivery to the Clerk's Office for the Court of Appeals.  The Clerk's Office, however, did not receive the petition until April 13, 2015.  In an order authored by one

judge, the Court of Appeals found that Burns did not file the petition within fifteen days of entry of the March 25, 2015 order and denied the petition as untimely. Burns timely appealed that ruling to a justice of this Court under Code § 8.01-626. That justice referred the matter to a three-justice panel, as is this Court's custom and practice. Thereafter, the panel referred the case to the full Court.

Code § 8.01-626 governs this injunction appeal filing. The statute states that "the petition for review shall be initially presented to a judge of the Court of Appeals within 15 days of the court's order." Thus, the issue is whether Burns "presented" her petition for review "to a judge of the Court of Appeals" in a timely manner as required by the statute.[1]

We conclude, for purposes of Code § 8.01-626, that a petition for review is deemed to have been "presented to a judge of the Court of Appeals" when it has been filed with the Clerk's Office of the Court of Appeals. We believe this is a common sense interpretation of the word "presented" in this context. See Commonwealth v. E.W. Yeatts, Inc., 233 Va. 17, 24, 353 S.E.2d 717, 721 (1987) ("Divining legislative intent is . . . an exercise in common sense interpretation of statutory language").

In turn, Rule 5A:3(d) provides, in relevant part, for the filing of documents with the Clerk's Office of the Court of Appeals, as follows: "Any document required to be filed with the clerk of this Court shall be deemed to be timely filed if (1) it is

---

[1] We note that Code § 8.01-626 similarly provides that, when a petition for review is to be filed directly with this Court, the petition is to be "present[ed] to a justice of the Supreme Court"

2

transmitted expense pre-paid to the clerk of this Court by . . . a third-party commercial carrier for next-day delivery, and (2) if the official receipt therefor be exhibited upon demand of the clerk or any party and it shows such transmission or mailing within the prescribed time limits."[2]

On the fifteenth day after entry of the March 25, 2015 order, when her petition for review was due under Code § 8.01-626, Burns dispatched the petition to the Clerk's Office of the Court of Appeals by pre-paid transmittal with a third-party commercial carrier for next-day delivery (as evidenced by the transmittal envelope) pursuant to the requirements of Rule 5A:3(d). The petition was thus timely filed with the Court of Appeals.

Accordingly, we reverse the judgment of the Court of Appeals and remand this matter for a decision by the Court of Appeals on the merits of Burns' petition for review.

This order shall be certified to the Court of Appeals of Virginia and shall be published in the Virginia Reports.

A Copy,

Teste:

Patricia L. Harrington, Clerk

---

within 15 days from the date of the circuit court's order.
    [2] Rule 5:5(c) sets forth the corresponding mailing rule for filings to be made with this Court.

3